# Mobile Light & Railway Co. *v*. McKay

## *Killing Stock on Track.*

(Decided Dec. 16, 1909. 50 South. 1035.)

1. *Street Railroads; Operation; Injury to Animals; Negligence.* Where the proof showed that the car track was straight for several blocks on either side of the place where the mule was found, that the mule was found on the track in a mutilated condition shortly after the accident, and a derailed car was about ten feet distant from the mule, it was sufficient to raise a prima facie case of the killing of the mule by the car, and of negligence in the operation of the car.

2. *Same; Care Required.*—It was not necessary to stop or check the speed of a street car upon seeing an animal near the track, unless the circumstances indicate that the animal is likely to go upon the track.

3. *Same; Jury Question.*—Whether the animal near a street railway track showed a disposition or likelihood to go upon the track so as to require the car to be stopped or its speed checked, was a question for the jury under the facts in this case; as was the question whether or not the company was liable for killing the mule.

[Mobile Light & Railway Co. v. McKay.]

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by Alex McKay against the Mobile Light & Railway Company, for damages for killing a mule. Judgment for plaintiff and defendant appeals. Affirmed.

GREGORY L. & H. T. SMITH, for appellant.—The court erred in overruling demurrers to the complaint.—*Glass v. M. & C. R. R. Co.*, 94, Ala. 581; *Montgomery v. Ala. G. S.*, 97 Ala. 307; *L. & N. v. Hairston*, 97 Ala. 352; *Bir. R. L. & P. Co. v. Jones*, 153 Ala. 165. On the evidence the defendant was entitled to the affirmative charge.—*L. & N. v. Brinkerhoff*, 119 Ala. 611; *Anniston E. & G. Co. v. Hewett*, 139 Ala. 443.

BESTOR, BESTOR & YOUNG, for appellee.—The complaint stated a good cause for action.—*Russell v. Huntsville R. & P. Co.*, 137 Ala. 627. The evidence raised a prima facie case of negligence.—*Hogue v. Southern Ry.*, 146 Ala. 384; *A. G. S. v. Hall*, 133 Ala. 362; *K. C. M. & B. v. Henson*, 132 Ala. 528; *Same v. Childers*, 132 Ala. 612; *M. & O. v. Glover*, 43 South. 720; *Same v. 49 South.* 1037; *Hart v. C. of Ga.*, 152 Ala. 193. This being true defendant was not entitled to the affirmative charge.

SIMPSON, J.—This is an action by the appellee for the killing of a mule by the electric car of the defendant on a street in the city of Mobile. There is no assignment of error to the action of the court in overruling the demurrer to the complaint, and the only assignment of error insisted upon is to the refusal of the court to give the general affirmative charge in favor of the defendant.

The evidence shows that the track was perfectly straight for several blocks on both sides of the place

where the mule was killed; that the mule was found, shortly after the accident, in a mutilated condition on the defendant's track, and the car, derailed about 10 feet east of the mule—thus raising a prima facie case of the killing of the mule by the car and of negligence. The motorman and the conductor not being obtainable, the only evidence introduced by the defendant was that of a passenger on the car, who testified that when the car was near Claiborne street he saw two mules on the sidewalk, which is about 15 feet from the track; "that as the car neared them they commenced to run and ran on the sidewalk and when the car got very close to them one of them started in front of the car, and the car struck it and ran over it; that immediately the motorman began setting up his brakes; that he appeared to work vigorously at his brakes, and, as far as he could see, was doing all he could to stop the car; that he did not know whether or not the motorman had shut off the electricity," or had reversed the car, nor how long the mules had been running on the sidewalk before he saw them; that it was about 9 o'clock at night; that he saw them by the electric lights; "that the motorman at once applied the brakes and appeared to be doing all he could to stop the car, and one of the mules ran on the track just immediately ahead of the car, and the car collided with it before the motorman could stop."

It will be observed that the witness does not state just when the motorman applied the brakes. In fact, according to his first statement it was not until the car had struck the mule; and according to his second statement it would seem that the brakes were applied as soon as the passenger saw the mules on the corner. At any rate, it is not shown how long they had been running along the sidewalk when the motorman first saw them, nor whether he shut off the electricity at all or not. This court has said that when an animal is seen near

[Southern Railway Co. v. Dickens.]

the track it is not necessary to stop or check unless the circumstances indicate that the animal is likely to move on the track, but also that the "likelihood of its moving on the track would depend, of course, upon the circumstances, proximity or remoteness from the track, what it is doing, and the disposition it manifested at the time; and this likelihood, dependent upon circumstances, is for the jury to determine." In this case we think it was a question for the jury. The general charge was properly refused, and the judgment of the court is affirmed.

Affirmed.

ANDERSON, McCLELLAN, and MAYFIELD, JJ., concur