# Martin *v.* Union Springs & Northern Railway Co.

### *Death Action.*

(Decided Dec. 16, 1909.—50 South. 897.)

1. *Railroads; Trespassers; Walking Along Track.*—A person who walks along a path on the right of way at the side of a railroad track not at a crossing or in a street, is a trespasser.

2. *Same; Injury to Person on Track; Complaint; Wantonness.*—A complaint for the death of one killed while walking along the path at the side of a railroad track not at a crossing or in a street which alleges that the path was commonly used by persons as a foot-way, that this was well known to defendant's employes, and that the engine was running backward at night without lights, con-

cluding with the averment that defendant's employe knowingly and with reckless indifference ran the train with knowledge of such fact, and with knowledge that the probable result would be to injure or kill some one, charges simple negligence within the rule that where a person injured is a trespasser, wantonness and willfulness must be shown to authorize recovery; and the complaint was insufficient as a complaint in simple negligence because it failed to show that the person injured was not a trespasser to whom the railroad owed no duty except not to injure him after discovery of his peril.

3. *Same; Wantonness; Operation of Train.*—To operate a train through a town after dark at a speed prohibited by the city ordinance will not, without more, constitute that wantonness which is the equivalent of intentional wrong, which would render the railroad liable for the death of a trespasser.

4. *Same; Duty to Trespasser.*—A railroad owes to a trespasser the duty not to injure him only after discovering his peril.

APPEAL from Bullock Circuit Court.

Heard Before Hon. A. A. EVANS.

Action by Cora Martin as administratrix, against the Union Springs & Northern Railroad Company, for the death of her intestate, while walking along the side of defendant's track. Judgment sustaining demurrer to the complaint and plaintiff appeals. Affirmed.

TOM S. FRAZER, and R. L. HARMON, for appellant.— The court erred in sustaining the demurrers to the complaint.—*Haley v. K. C. M. & B.,* 113 Ala. 640; *Southern Ry. v. Crenshaw,* 136 Ala. 573; *C. of Ga. v. Hyatt,* 151 Ala. 355; *M. & C. v. Martin,* 117 Ala. 367.

ERNEST L. BLUE, for appellee.—The court properly sustained the demurrers to the complaint, as they were neither good as wanton or simple negligence counts. —*Bir. R. & E. Co. v. Bowers,* 110 Ala. 328; *H. A. & B. Ry. Co. v. Robbins,* 124 Ala. 113; *Mitchell v. Southern,* 132 Ala. 504; *L. & N. v. Mitchell,* 134 Ala. 267; *Bass v. M. & C.,* 94 Ala. 586, together with authorities cited by appellant.

SAYRE, J.—This appeal brings into review the judgment of the court below sustaining demurrers to all counts of the complaint except the eighth, which was

withdrawn. In counts 1, 2, 3, 4, 5, 9, and 10, it either distinctly appears, or the manner of allegation is such that it must be inferred, that plaintiff's intestate was killed by defendant's locomotive while walking along defendant's track, or along a path so close to the track as to be killed by the locomotive in its usual operation, in the town of Union Springs, at a point not in a street nor at a street crossing. Thus it appears in these counts that deceased was a trespasser.—*Haley v. K. C., M. & B. R. R. Co.*, 113 Ala. 640, 21 South. 357. Recognizing this fact, the pleader in each of these counts attempts to render it innocuous to his cause by stating a case of intentional or wanton injury. The first count, to speak of it as a fair example of the rest, after averring that the path along which deceased was traveling was commonly used by persons as a footway, so that many persons passed and repassed thereon daily, as was well known to defendant's employes and servants in charge of the train, and that the engine was run backwards at night and without any light in front, as it was going, concludes with the averment that defendant's employes and servants knowingly and with reckless indifference propelled the train along the track with knowledge of the foregoing facts, and knowing that the probable result of so running said train would be to kill or injure plaintiff's intestate or some other person. Some of the counts are embarrassed by other averments, as, for instance, the averment that the train was operated at a rate of speed in excess of the rate permitted by the laws and ordinances of the town; but none of the derelictions so charged amount to wantonness per se, nor does the cumulative averment of all of them amount to a charge of wantonness. The result is that the sufficiency of the counts may be tested on the statement made of them. The charge formulated in these counts is, not that the

injury was willfully or wantonly inflicted upon plaintiff's intestate, without more, as was permissible under our system of pleading; nor is it that the employes in charge of defendant's train willfully, or wantonly, or with reckless indifference to consequences, did or omitted to do some act with knowledge and a present consciousness that the act or omission would, under conditions known to exist at the time, probably result in disaster; nor yet are facts alleged from which the inference of wantonness necessarily follows. In other words, everything alleged may consist with inadvertence or error of judgment, mere negligence; and the counts must in consequence be held to charge negligence only.—*L. & N. v. Brown,* 121 Ala. 221, 25 South. 609; *L. & N. v. Mitchell,* 134 Ala. 261, 32 South. 735; *M. & C. v. Martin,* 117 Ala. 367, 23 South. 231.

This case does not fall within that class of cases, many of which have come here, and some of which are cited in our recent case of *M., J. & K .C. R. R. Co. v. Smith,* 153 Ala. 127, 45 South. 57, 127 Am. St. Rep. 22, in which it has been held that when the injury occurs at a public crossing or other place in a public highway where the frequency of its use renders it probable that the operaation of a train at great speed, or without the observance of other precautions demanded by these conditions, may constitute wantonness, although the actual presence of persons in a position of peril may not be known to those in charge of the train. In such cases the intentional or recklessly indifferent disregard of a most imperative duty seems to have been treated in the decision of this court as the equivalent of wantonness. Possibly count 10 was intended to invoke the principle last referred to, for it avers that the train was operated across and between Conecuh and Chunnenuggee streets, both streets over which a large number of people were

accustomed to travel on foot; but obviously this cannot avail the plaintiff, because his intestate met his death, not on either of those streets, but between them, as the count distinctly shows.

Counts 6 and 7 were also designed to state a case of wanton injury. But the pleader sets down the facts which are supposed to support the charge of wantonness. They fail to support it. To operate a train through a town, while it is dark, at a rate of speed prohibited by ordinance, does not, without more, constitute that wantonness which is the equivalent of intentional wrong. The conclusion which the pleader draws from these facts, that such operation of the train was wanton, is not to be sustained in law; for they are equally compatible with the conclusion that the train was so operated as the result of inadvertence or mere negligence. Nor can the counts be sustained as embodying a charge of simple negligence. They show necessarily that the plaintiff's intestate was on or in dangerous proximity to the track, and fail to show that he was not thereby a trespasser. Under these conditions there was no duty to keep a lookout for the deceased, but only the duty not to injure him after discovering his peril.—*Gadsden & Attalla Railway v. Julian,* 133 Ala. 373, 32 South. 135; *Georgia Pacific v. Ross,* 100 Ala. 490, 14 South. 282; *Ensley Railway Co. v. Chewning,* 93 Ala. 24, 9 South. 458.

The trial court properly sustained demurrers to each and every count of the complaint.

Affirmed.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.