[Nashville C. & St. L. Ry. Co. v. Wallace.]

# Nashville C. & St. L. Ry. Co. *v.* Wallace.

## *Injury to Person on Track.*

### (Decided Dec. 16, 1909.—51 South. 371.)

1. *Railway; Person on Track; Contributory Negligence.*—Where the complaint charges negligence subsequent to the discovery of peril, the contributory negligence which is available as a defense is that which occurs only ·after the person becomes conscious of his danger, or that which is subsequent to the initial negligence relied on for recovery.

2. *Same; Pleading.*—Where a complaint alleges negligence subsequently to the ·discovery of the peril, pleas of contributory negligence which fail to allege knowledge on part of plaintiff of his peril, or that he was guilty of such negligence subsequent to a discovery of his peril are insufficient.

3. *Same.*—Subsequent negligence of a plaintiff after discovery of his peril is a defense to be pleaded and need not be negatived by the complaint.

4. *Same; Contributory Negligence.*—Where the complaint alleged that the defendant's servants in charge of the train that injured plaintiff knew that persons and teams were daily and in frequent numbers in said passageway and in dangerous proximity to said track and that the servants in charge of the locomotive knowing of the probable peril and being conscious that such action would probably inflict injury wantonly ran the engine on ·or against him, it charged a wanton injury, and hence, a plea of contributory negligence is no defense to such a complaint.

5. *Same; Damages; Directing Verdict.*—Where the action was against a railroad company for injuries while plaintiff was unloading his wagon in defendant's yard and there was evidence that plaintiff was required to be where he was to unload his wagon, the question of negligence ·of defendant's trainmen resulting in injury to plaintiff was one for the jury, and the court properly refused to direct a verdict for the plaintiff.

7. *Same; Burden of Proof.*—Where the evidence shows that a plaintiff is injured on a track of a railroad by the trains running thereon, at a point where section 5473, Code 1907, requires signals to be given, section 5476, shifts to defendant the burden of showing that it was free from negligence.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by J. C. Wallace against the Nashville, Chattanooga & St. Louis Railway. Plaintiff had judgment, and defendant appeals. Affirmed.

The complaint was as follows:

(1) "Plaintiff claims of the defendant the sum of $2,000 damages, for this: On or about the 30th day of October, 1907, defendant was engaged in operating locomotives and cars over the Nashville, Chattanooga & St. Louis Railway, through the village of Bass, or Bass Station, in Jackson county, Ala. That at said station said company maintained a spur track, not used in regular course for the passing of trains on said railway, but used exclusively in running in and taking out cars for loading and unloading, chiefly logs, which was being delivered on the log yard, in close proximity to said track, for shipment. Plaintiff was on said day in regular course of business in delivering logs to said point for shipment, for which purpose, owing to the condition of the log yard, he was required to and did drive his team of mules with a wagon loaded with logs into a narrow passway between said spur track and the logs piled on the yard, and while in this position, and engaged in unloading or preparing to unload said logs, the defendant, by its agents, servants, or employes, suddenly and with great speed backed a locomotive, with tender attached, in and upon said spur track, catching plaintiff with his team and wagon entrapped in dangerous proximity to said track, and negligently ran said engine or tender against plaintiff's wagon, breaking his wagon, injuring one of plaintiff's mules, and inflicting great personal injury upon plaintiff's person, by violently throwing him and causing him to strike some hard substance." Here follows catalogue of his injuries, some of which are alleged to be permanent.

(4) "Plaintiff claims of defendant the sum of $2,000 as damages for injuries to person and property as set forth in count 1 at the time and place set forth; and plaintiff avers that said injuries were inflicted by rea-

son of the negligence of defendant, or its employes in charge of said locomotive, in that said employes, or some one or more of them, on said engine, saw the plaintiff and his property in said place of peril in time to have avoided the injury, and negligently ran said engine, or permitted the same to be run, against plaintiff and his property, after discovery of such peril, to plaintiff's damage," etc.

(5) Same as 1, with the additional averment that plaintiff was invited in the regular transaction of business with said defendant into the place where said injury occurred; that defendant's employes in charge of said engine knew that persons and teams were daily and in frequent numbers in said passway and in dangerous proximity to said spur track, and thereby placed in peril in running locomotives on said track without waiting and giving opportunity for removal to places of safety, and knowing of the probable peril of such persons and teams at said time and place, and being conscious that such action would inflict injury, wantonly ran said engine and tender upon, and inflicted said injury on, plaintiff, to plaintiff's damage as aforesaid.

The pleas were:

(1) and (2) The general issue.

(3) Contributory negligence in allowing his team to remain near the track upon which an engine and cars were approaching, and the team backed or moved plaintiff's wagon against the engine of plaintiff.

(4) "That the negligence of plaintiff proximately contributed to the injury of plaintiff complained of, in that he allowed his team to remain so near the track upon which an engine and cars were approaching that, when the engine was nearly up to or about opposite the team, the team moved or backed the wagon so that it came in contact with the moving engine or cars, and thereby caused the injury complained of."

(7) "That plaintiff negligently failed to have or keep his team at a safe distance from the track upon which an engine and cars were approaching, thereby proximately contributing to the injuries complained of."

The oral charge of the court, excepted to, was as follows:

"As to the first count of the complaint, it is incumbent on plaintiff to show that he was injured by defendant as claimed in said count, and then the burden of proof shifted; and the burden is then on the defendant to show by the evidence to the reasonable satisfaction of the jury that plaintiff's injury was received without negligence on the part of defendant."

WALKER & SPRAGINS, and JOHN B. TALLEY, for appellant.—Count 4 does not show wantonness or wilfulness on the part of the defendant.—*Southern Ry. Co. v. Gullatt,* 48 South. 577; *Southern Ry. v. Bush,* 122 Ala. 484; *L. & N. v. Brown,* 121 Ala. 226; *L. & N. v. Mitchell,* 134 Ala. 261; *L. & N. v. Banks,* 132 Ala. 480; *L. & N. v. Orr,* 121 Ala. 489; *M. & C. v. Martin,* 117 Ala. 382; *Peters v. Southern,* 135 Ala. 536; *Duncan v. St. L. & S. F.,* 142 Ala. 118. It therefore follows that the court erred in sustaining the demurrers to the pleas of contributory negligence interposed to that count. Counsel discuss other assignments of error insisted on, but without further citation of authority.

VIRGIL BOULDIN, for appellee.—The only pleas of contributory negligence which could be pleaded to count 4 was negligence on the part of the plaintiff after the discovery of his peril, and this the pleas do not do. —*A. G. S. v. McWhorter,* 47 South. 84; *Southern Ry. v. Stewart,* 45 South. 51; *Duncan v. R. R. Co.,* 152 Ala. 118; *Johnson v. Bir. R. L. & P. Co.,* 149 Ala. 529; *L.*

& *N. v. Brown*, 131 Ala. 221. It is elementary that a complaint need not negative subsequent negligence of plaintiff after discovery of peril. Plaintiff had a right to presume that the premises would be safe.—*A. G. S. v. Godfrey*, 47 South. 185; *Ala. S. & W. Co. v. Clements*, 146 Ala. 259. Counsel discuss other assignments, but without citation of authority.

ANDERSON, J.—Count 4 refers to and adopts count 1 with the further averment that the servants in charge of the locomotive "saw the plaintiff and his property in said place of peril in time to avoid the injury, and negligently ran said engine, or permitted the same to be run, against plaintiff and his property after discovery of such peril to plaintiff." The first count avers that plaintiff was required and did drive his team of mules and wagon, loaded with logs, "in a narrow passway between said spur track and the logs piled on the yard. While in this position, and engaged in unloading or preparing to unload said logs, the defendant by its agents, servants, or employes suddenly, and with great speed, backed a locomotive with tender attached in and upon said spur track, catching the plaintiff with his team and wagon in dangerous proximity to said track." It is true the first part of the complaint does not necessarily aver that the plaintiff was in a perilous position while in the passway and between the spur track and the logs, but it does later on aver that while in said position he was struck, and that, when he was struck, he was entrapped in "dangerous proximity" to said track. If he was in dangerous proximity to said track, he was in a perilous position, and, if he was seen after he got in the passway, he was seen while in a perilous position, as the complaint, in effect, avers that he was in the same position after going in the pass-

way "a narrow passway between the spur track and the logs," as he was when struck, and that he was therefore in dangerous proximity to the track. As the complaint charges negligence subsequent to a discovery of the plaintiff's peril, he was chargeable only with negligence after becoming conscious of his danger.—*A. G. S. R. R. Co. v. McWhorter,* 156 Ala. 269, 47 South. 84, and cases there cited.

The special pleas failing to aver knowledge by the plaintiff of his peril or that he was guilty of any negligence subsequent to a discovery of his peril were subject to the demurrers interposed, in so far as they attempted to answer the fourth count, and were properly sustained. It is insisted that the pleas did not have to aver a knowledge by the plaintiff of his peril, for the reason that the complaint did not aver that he was unaware of the danger. The fact that the plaintiff was aware of the danger is defensive matter, to be set up in the pleas, and the complaint need not negative the same.

Count 5 avers that the defendant's servants in charge of said train "knew that persons and teams were daily and in frequent numbers in said passway and in dangerous proximity to said spur track," and these servants in charge of the locomotive, knowing of the probable peril and being conscious that such action would probably inflict injury, wantonly ran the engine upon or against him. This is a wanton count, and the pleas of contributory negligence, were not good answers to same and the demurrer thereto was properly sustained.

Plea 3, whether good or bad, was, in effect, the same defense as set up in plea 4, and under which the defendant got the full benefit of the facts set up in said plea 3.

Plea 7 was no answer to count 1. The count, in effect, avers that plaintiff had to go where he did in order to unload his wagon and the doing of this was not negligence, unless he could have done it in a safer way or went there under conditions, not set up in the plea, that would render it dangerous or negligent in him to do so.

The trial court did not err in refusing the general charge as to count 1. There was evidence from which the jury could infer that the plaintiff was required or compelled to be where he was in order to unload his logs. Nor was there a fatal variance as to the character of the plaintiff's injuries. We do not decide that it was necessary to prove all injuries as averred, but, if such was the case, there was evidence tending to do so, as the dislocation of the hip and knee and the spraining, etc., was averred in the alternative, and the averment was supported by the testimony of Dr. Foster.

There was evidence in support of count 5, and the trial court did not err in refusing the general charge as to said count. The witness Arnold testified: "This place was used regularly for the business. Four or five teams were hauling in there every day. The accident occurred about 10 o'clock in the morning. The train generally passed about that time. There were always some wagons about that time unloading timber." These facts made it a question for the jury to determine whether or not the trainmen were conscious of existing conditions, whether or not said conditions were dangerous, and whether or not the servant in charge of the train would be conscious of the dangerous result from running the train at that time and place. Moreover, there was evidence from which the jury could infer that some of the defendant's servants saw the plaintiff while backing the engine and before reaching his wagon. So

much of the oral charge as was excepted to was not subject to complaint by the defendant. It required the plaintiff to prove his injuries, as claimed in his complaint, before the burden shifted, and, under the statute (section 5476, Code 1907), all he had to do was to prove his injuries at a place covered by the three preceding sections, when the burden shifted to the defendant.—*So. R. R. v. Smith,* 163 Ala. 174, 50 South. 390. The proof showed that the injury was inflicted at a place covered by section 5473, and it therefore was incumbent upon the defendant to acquit itself of negligence under the terms of section 5476 of the Code of 1907.

We are not prepared to say that the verdict was palpably contrary to the great weight of evidence, so as to put the trial court in error for refusing the motion for a new trial.

The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and MAYFIELD and SAYRE, JJ., concur.