[Appel v. Selma Street & Suburban Railway Company.]

# Appel *v.* Selma Street & Suburban Railway Company.

*Injury to Person and Property on Track.*

(Decided May. 14, 1912.   59 South. 164.)

1. *Street Railways; Collision; Simple Negligence; Wantonness; Complaint.*—Where a complaint alleges that the motorman knew that people crossed and recrossed the street in great numbers and with frequency at the place of the collision, and that injury would probably result, that the motorman operated the car at a speed of 14 miles per hour in the dark with no light, and without giving any signal of approach, and that the car collided with plaintiff who was attempting to cross the street, it sufficiently states a cause of action in simple negligence in the operation of the car, and of wantonness, as against the demurrer interposed.

2. *Same; Pleading; Issues.*—Where the complaint charges the subsequent negligence of the motorman, it admits the traveller's negligence putting him in a place of peril, and the motorman knowing of the peril must so operate his car as to afford the driver a new chance to escape, and hence, a plea of contributory negligence which fails to show that after becoming aware of his imminent peril plaintiff was guilty of further negligence or failed to avail himself of the last clear chance to escape, was not an answer to such count.

3. *Same.*—In an action based on the subsequent negligence of the motorman, a plea alleging that plaintiff negligently remained on the track with knowledge of his peril, and that there was nothing to prevent him from seeing the approaching car and avoiding it by the use of ordinary diligence, is not an answer to the complaint, and is demurrable.

4. *Same; Operation of Cars; Care Required.*—Until the contrary becomes apparent a motorman operating a car may presume that persons in the street are possessed of their faculties and will exercise them to keep away from danger and avoid the approaching car, and whether he exercised proper care to avert the injury after discovering the traveller's peril, is for the jury.

5. *Same; Collision; Burden of Proof; Railroad Company.*—The requirements of section 5476, as to a railroad company, are without application to electric street railways.

6. *Same; Contributory Negligence; Instructions.*—Where the action was for injury in a street car collision, the charge that there could be no recovery if plaintiff could, by the use of ordinary care, have gotten out of the way of the car, though the motorman had discovered plaintiff's peril, unless the injuries were inflicted wantonly, was erroneous in failing to observe the rule which dates plaintiff's contributory negligence from his own discovery of peril by reason

of the immediate approach of the car instead of from the motor-man's discovery of his peril.

7. *Appeal and Error; Harmless Error; Pleading.*—The sustaining of a demurrer to counts of a complaint which contain averments of fact not contained in other counts, and which are so general in aver-ment as not to admit proof under other counts, is prejudicial.

8. *Charge of Court; Directing Verdict.*—Wherever the evidence is conflicting the issue must be submitted to the jury, however great the preponderance of the testimony may be.

APPEAL from Dallas Circuit Court.

Heard before Hon. B. M. MILLER.

Action by B. Appel against the Selma Street & Su-burban Railway Company. From a judgment for de-fendant, plaintiff appeals. Reversed and remanded.

The following is the complaint:

Count 1: "Plaintiff claims of the defendant the sum of $10,000 as damages, for that, whereas, heretofore, to wit, on the 24th day of December, 1910, the defend-ant was engaged in the business of a common carrier of passengers, and operated street cars propelled by electricity along and over the public streets of the city of Selma, in Dallas county, Alabama, and that on said day, and while so engaged, the agents or servants of the defendant in charge of one of defendant's cars did so run or operate said car on Broad street, a public street in the city of Selma, that as a proximate result the wagon of plaintiff, loaded with fruit, upon which he was riding on said street, was struck or run upon or against by said car, and plaintiff was thereby thrown from said wagon and sustained grievous personal in-juries. [Here follows catalogue of his injuries.] And his wagon was broken, and its contents were scattered and damaged, and all of said damages and injuries were caused proximately by the negligence of the agents or servants of the defendant in or about the operation or management of said car."

Count 2: Same as 1, except that it charges wanton, willful, or intentional negligence.

Count 3: Same as 1, down and including the words "scattered and damaged," and adds: "Plaintiff avers that all of said damages and injuries were proximately caused by the negligent failure of defendant's agents, servants, or employees in charge of said car to use the means at hand to stop said car, and avers the injury to plaintiff and his said wagon after discovery of plaintiff's peril of injury by the said agents, servants, or employees of defendant in charge of said car, which they could have done by the use of ordinary care and diligence."

Count 4: Same as 1, except that the negligence is alleged to be caused by the servants or agents in failing to ring the bell or sound the gong or give warning to plaintiff in time to avert the injury after the discovery by them of the perilous position of plaintiff and his wagon.

Count 5 charges that the agents or servants willfully, wantonly, or intentionally ran said car over or upon or against the wagon of plaintiff, causing the injuries enumerated in count 1.

Count 6: Same as 5, except that it alleges simple negligence.

Count 8: "Plaintiff claims of defendant the sum of $10,000 damages, for that on and prior to the 24th day of December, 1910, the defendant owned and operated a street railway in the city of Selma, in Dallas county, Alabama, upon and over which defendant ran cars propelled by electricity for the transportation of passengers for hire, and that said railway was laid upon and at grade, and ran through a part of Broad street, a public street in said city of Selma; that on, to-wit, the 24th day of December, 1910, plaintiff was lawfully

crossing said railway in said public street in said city of Selma at a time when and place where people and vehicles were wont to cross and recross in great numbers and with frequency, and said car of defendant was then and there by said agents and servants of defendant wantonly propelled at a high rate of speed, to wit, at a rate of 14 miles per hour, and in the dark, with no light on the forward end of said car, and without giving any signal of approach; that said car, while being run as aforesaid by the agents and servants of defendant at the time and place aforesaid, was propelled on and against the wagon of plaintiff, upon which he was riding at said time, and upon which he was attempting to cross said public street and railway at the place aforesaid, and said plaintiff was then and there thrown from his wagon and severely hurt and bruised.    [Then follows catalogue of his injuries to person and property.]    And plaintiff avers that said agents or servants of defendant, who were in charge of said car, knew at the time they propelled said car along said street in the city of Selma as aforesaid that people then and there crossed and recrossed said street in great numbers and with frequency, and that injury would likely or probably result to some of said people so crossing and recrossing said street, yet said agents and servants of defendant, with reckless indifference to the safety of said people crossing and recrossing said street as aforesaid, intentionally · propelled said car along said street at a high rate of speed as aforesaid, to wit, about 15 miles per hour, without giving any signals of approach, and without any lights on the forward end of said car, and while so propelling said car ran the same on or against plaintiff's wagon, in which he was riding as aforesaid, and upon which he was then and there attempting to cross said street, where-

by plaintiff and his wagon were injured as aforesaid; and plaintiff avers that said conduct of said agents or servants of defendant in the manner aforesaid and at the time and place aforesaid on and against plaintiff and his wagon was reckless and wanton."

The following are the pleas:

"(3) To each count severally and separately: That plaintiff was himself guilty of negligence which proximately contributed to his injuries complained of, in this: Plaintiff drove his wagon upon the track of defendant, or near enough thereto to be struck by one of defendant's cars passing along said track, and did drive along said track, or near enough thereto for his wagon to be struck by one of defendant's cars passing along said track, for some distance, and was so driving at the time he received said injuries, and was at said time so driving in the direction from which the car that struck him was coming; that is, he was facing or meeting said car, and he negligently remained on said track, or close enough thereto for his said wagon to be struck by said car, in dangerous proximity to said car then and there approaching, and until his said wagon was struck and he was injured. And defendant avers that said act on the part of the defendant was done by him with the knowledge on his part of his peril in so doing.

"(4) That plaintiff himself was guilty of negligence which proximately contributed to his injuries, in this: Plaintiff negligently remained on defendant's track, or near enough thereto to have the wagon he was driving struck by the car passing along said track, when the car that struck his wagon was in dangerous proximity to him, and so remained on or near said track until said car ran over and struck his wagon, with the knowledge on his part of his peril in so doing.

"(5) Plaintiff was himself guilty of negligence which proximately contributed to his injuries, in this: That plaintiff negligently drove on said defendant's track, or near enough thereto to have his said wagon struck by one of defendant's cars passing over said track, and did so drive down or along said track in the direction from which the car was coming until he was struck by said car, and with the knowledge on his part of his peril in so doing."

"(8) Plaintiff did drive along the track of defendant, or sufficiently near thereto to have his said wagon struck by defendant's car passing along said track; that he was driving in the direction from which said car was coming; that there was nothing to obstruct his view of said car, and the same was plainly observable to him as it approached him; that plaintiff saw said car approaching him in sufficient time to have driven a sufficient distance from said track to have prevented said wagon from being struck; that defendant's track where plaintiff was driving is flush with the street, and there was nothing to prevent or hinder plaintiff from driving said wagon a sufficient distance from said track to prevent same from being struck by said car, yet, as defendant avers, plaintiff did negligently remain on said track, or near enough thereto for said wagon to be struck by said car, and until said wagon was struck by said car and plaintiff injured." (This plea begins with the usual formula in contributory negligence pleas.)

"(9) Plaintiff did drive along the track of defendant, or sufficiently near thereto to have his said wagon struck by defendant's car passing along said track; that there was nothing to obstruct his view of said car, and the same was plainly observable to him as it approached him; that plaintiff by the reasonable use and

exercise of ordinary faculties of sight could have seen said car approaching him in sufficient time to have driven a sufficient distance from said track to have prevented said wagon from being struck; that defendant's track where said plaintiff was driving is flush with the street, and there was nothing to prevent or hinder the plaintiff from driving said wagon a sufficient distance from said track to prevent same from being struck by said car, yet, as defendant avers, plaintiff did negligently remain on said track, or near enough thereto for said wagon to be struck by said car, and until said wagon was struck by said car, and plaintiff injured."

The following is charge 32, given at the request of the defendant:

"If you believe from the evidence that defendant's servant or agent was negligent after discovering plaintiff's peril of injury, still the plaintiff cannot recover, if you find from the evidence that, after his peril of injury was discovered by the defendant's servants or agents, he could, by the use of ordinary care and diligence, have gotten out of the way of said car, unless you believe from the evidence that said injuries were inflicted intentionally, wantonly, or willfully by the defendant, its agents or servants."

PETTUS, FULLER & LAPSLEY, for appellant. Count 8 was a sufficient count in wanton negligence.—*So. Ry. v. Hyde,* 51 South. 368. It is not error without injury because of other counts.—*Empire L. & I. Co. v. Gee,* 55 South. 166. Pleas 3, 4, 5, 8 and 9, setting up contributory negligence were not good in answer to the counts charging subsequent negligence, and the court was in error in overruling demurrers thereto.—*So. Ry. v. Stewart,* 153 Ala. 136; *L. & N. v. Young,* 153 Ala. 238; *A. G. S. v. McWhorter,* 156 Ala. 269. Persons and

street cars have equal rights in the streets, and the doctrine of stop, look and listen has no application.—*Anniston E. & G. Co. v. Rosen,* 159 Ala. 202; *B. R. L. & P. Co. v. Oldham,* 141 Ala. 195. The burden was on defendant to acquit itself of negligence.—Sec. 5476, Code 1907; *Carlisle v. A. G. S. Ry.,* 52 South. 341. The failure to give warning constitutes negligence.—*B. R. L. & P. Co. v. Williams,* 158 Ala. 381; *Randall v. B. R. L. & P. Co.,* 158 Ala. 532.

MALLORY & MALLORY, for appellee. Section 5476 deals entirely with railroads, or with street railways operated as railroads outside the city limits, and does not apply to street car lines operated as such within city limits.—*Bir. Min. R. R. Co. v. Jacobs,* 92 Ala. 187; *Wooward I. Co. v. Lewis,* 54 South. 566; Booth on Street Rys. sec. 309; *Mobile L. & P. Co. v. Baker,* 158 Ala. 491; 50 N. E. 536; 61 Minn. 435; 68 Fed. 82; 179 Fed. 243; 69 Am. St. Rep. 736; 75 S. W. 7; *S. & N. Ala. Ry. v. Ry. Co.,* 119 Ala. 105. If sec. 5476 applies why should not section 5475 apply as both have for its object the public safety? The preponderance of the evidence clearly shows the defendant entitled to a verdict.—*Richards v. Sloss, Sheffield,* 146 Ala. 254; *Foshee's Case,* 125 Ala. 199; *Peters v. Southern Ry. Co.,* 135 Ala. 533; *St. Louis & San F. R. R. Co. v. Musgrove,* 153 Ala. 274; *Schneider v. M. L. & R. R. Co.,* 146 Ala. 344; *B. R. & E. Co. v. Bowers,* 110 Ala. 328. The undisputed physical facts show defendant entitled to a verdict.—*Peters v. Southern Ry. Co.,* 135 Ala. 533. Under the facts defendant entitled to affirmative charge.—*Central of Georgia v. Blackmon,* 53 South. 805; *Schneider v. Ry. Co.,* 146 Ala. 344; *Riedel v. Wheeling Tr. Co.,* 61 S. E. 821; *Wood v. St. Ry. Co.,* 120 N. W. 1121; *Butter v. Ry. Co.,* 105 Amr. St. Rep. 267;

*Gettys v. St. Ry. Co.,* 78 S. W. 82; 36 Cyc. 1548; 36 Cyc. 1517. Any error committed by lower court is error without injury.—*Lawrence v. Kaul Lumber Co.,* 55 South. 111; *Robertson v. Tenn. Coal & Iron Co.,* 56 South. 710; *Western Union Tel. Co. v. Pauley,* 157 Ala. 615; *Emmett v. Hooper,* 157 Ala. 586; *Birmingham Co. v. Rutledge,* 142 Ala. 195; *Ry. Co. v. Musgrove,* 153 Ala. 274; *Coal Co. v. Heald,* 55 South. 181; *Chambers v. Lindsay,* 55 South. 150; Sacketts Instructions Sections 189, 190, 192 (Third Edition); *Miller v. Jones,* 29 Ala. 174; *McBride v. Thompson,* 8 Ala. 650; *Knox v. Eaton,* 38 Ala. 345. Discussion of pleadings.—*L. &. N. R. R. Co. v. Sharpe,* 55 South. 134; *Mtg. St. Ry. Co. v. Rice,* 144 Ala. 610; *Sou. Ry. Co. v. Weatherlow,* 153 Ala. 171. Discusison of written charges.—Sackett on Instructions (Third Edition) Sec. 192; *Miller v. Jones,* 29 Ala. 174; *Emmett v. Hooper,* 157 Ala. 586; *Ry. Co. v. Musgrove,* 153 Ala. 274; *Chambers v. Lindsay,* 55 South. 181; *Knox v. Eaton,* 38 Ala. 345; *McBride v. Thompson,* 8 Ala. 650; *Robertson v. Tenn. Coal & Iron Co.,* 56 South. 710; *Lawrence v. Kaul Lumber Co.,* 55 South. 111; *Central of Georgia v. Blackmon,* 53 South. 805; *Schneider v. Ry. Co.,* 146 Ala. 344; *Merrill v. Sheffield Co.,* 53. South. 219; *Anniston Elec. & Gas Co. v. Rosen,* 159 Ala. 195; 36 Cyc. 1517; 36 Cyc. 1549; *Mobile L. & R. R. Co. v. Baker,* 158 Ala. 491; Booth on Street Railways (Second Edition) Section 323 and notes; Street Ry. Accident Law (Nellis) p. 589; *B. R. & E. Co. v. Barnes,* 110 Ala. 328; *Peters v. Sou. Ry. Co.,* 135 Ala. 533; *Richards v. Sloss Sheffield Co.,* 146 Ala. 254; *Foshee's Case,* 125 Ala. 199.

SAYRE, J.—This was a suit by appellant against appellee on account of injuries done to appellant's per-

son and property by a collision with defendant's street car.

The trial court erred in sustaining a demurrer to count 8 of the complaint. This count was intended to charge wanton wrong. Mutatis mutandis, it follows count 4 which was held good in *Southern Railway v. Hyde,* 164 Ala. 162, 51 South. 368. The burden of the demurrer is that the count fails to aver, or show by necessary inference, that defendant's agent in charge of the car was conscious at the time that people were then and there crossing the street, and that injury would probably result to some of them, and hence that the count insufficiently charged wanton injury. This proposition of the demurrer is answered by the averment of the count to the effect that defendant's motorman knew "that people then and there crossed and recrossed said street in great numbers and with frequency, and that injury would likely or probably result to some of said people."—*Martin v. U. S. & N. Ry.,* 163 Ala. 215, 50 South. 897. And anyhow, the demurrer should have been overruled, for the count, taken at its worst, stated a case of simple negligence.—*Southern Railway v. Weatherlow,* 153 Ala. 171, 44 South. 1019.

We are unable to see that this ruling did not injuriously affect plaintiff's case. None other of the counts upon which the case was submitted to the jury contained averment of the same facts, nor were any of them so general in the averment of facts as to admit proof under them of the facts averred in this count. We therefore hold this ruling for error.

The complaint contained counts for wanton, willful, or intentional wrong; for simple initial negligence; that is, negligence in the operation of defendant's car is charged to its agent without any effort to note its relation in respect of time to plaintiff's going upon the

track or the agent's discovery of the fact that plaintiff had gone upon the track or dangerously near it; and in counts three and four proceeded specifically on the negligence of defendant's motorman in failing to ring the bell or give other warning of approach, or to use the means at hand to stop the car, after he discovered the . plaintiff was in actual danger—subsequent negligence so-called.

It is urged that pleas 3, 4, 5, and 9 inadequately answered the counts charging subsequent negligence. The view heretofore maintained in this court in respect to the pleading of contributory negligence in such cases sustains appellant's contention. The complaint inferentially admits in the counts referred to that plaintiff's negligence put him in a place of peril. But it is admitted merely as the cause of a condition out of which, upon its observation by the motorman, a new and more exacting duty arose—the duty of using every available means to stop the car or so retard its speed and give warning of its approach as to afford plaintiff a new chance to escape.—*Central of Georgia v. Foshee,* 125 Ala. 199, 27 South. 1006. To a complaint charging default in respect of such new and emergent duty, a plea which merely iterates the condition out of which the duty arose is manifestly no answer. And so this court has held that a sufficient plea of contributory negligence in such situations must show that the plaintiff, after becoming aware of his immediate peril, was guilty of further negligence—failed to avail himself of a last clear chance to escape—thus establishing plaintiff's negligence subsequent to or concurrent with that of defendant, and displacing defendant's last negligence as the sole proximate cause of plaintiff's injury.—*N. C. & St. L. Ry. Co. v. Wallace,* 164 Ala. 209, 51 South. 371.

In pleas 3, 4, and 5, it is averred that the plaintiff negligently remained upon the track "with the knowledge on his part of his peril in so doing." In plea 8 the averment is, in effect, that plaintiff saw the approaching car in time to have avoided the collision, but negligently remained nevertheless on or dangerously near the track until he was struck. In "9" it is that there was nothing to prevent plaintiff from seeing the car as it approached, and that he could have seen and avoided it by the use of ordinary diligence. It is evident that these pleas, with the exception of that one numbered "8," do no more than affirm the implied admission of those counts charging subsequent negligence, and are bad. The averment that plaintiff negligently remained upon the track "with knowledge on his part of his peril in so doing," found in some of them, must be construed as meaning only that plaintiff had knowledge of the danger ordinarily attendant upon heedlessly remaining at any time upon the track of a railroad in use. Without the unwarranted indulgence of intendment in its favor, it cannot be taken as an averment that plaintiff knew of the danger arising from the immediate approach of the car. These pleas, therefore, under our system, were insufficient answers to counts 3 and 4, which charged negligence on the part of the motorman after discovering plaintiff's peril, and the demurrers to them should have been sustained.

The demurrer to plea 8 as an answer to all the simple negligence counts—that is, all counts other than those charging intentional or wanton injury—was, however, properly overruled. The motorman of an electric street car may, until the contrary becomes apparent, rightfully presume that persons in the street are possessed of their faculties and will exercise them to keep away from danger or stir themselves to avoid

the approaching car. Whether, after the time for the indulgence of this presumption has passed in any case of this peculiar kind, there remains an interval in which effort on the part of the motorman may help to avert injury, and whether during that interval the person in the street becomes conscious of his peril and contributes to his injury by failing in proper effort to save himself, are questions to be determined by the jury on consideration of the surroundings in such detail as probably no pleading can reproduce.

Certain charges raised a question in respect to the location of the burden of proof. The trial court held otherwise, but appellant renews here his contention that section 5476 of the Code put upon the defendant the burden of proving that there was no negligence on the part of the defendant or its agents. This is the language of section 5476: "A railroad company is liable for all damages done to persons, or to stock or other property, resulting from a failure to comply with the requirements of the three preceding sections, or any negligence on the part of such company or its agents; and when any person or stock is killed or injured, or other property destroyed or damaged by the locomotive or cars of any railroad, the burden of proof, in any suit brought therefor, is on the railroad company to show a compliance with the requirements of such sections, and that there was no negligence on the part of the company or its agents." It is certain that neither the quoted section nor any of the three preceding sections were, at the time of their original enactment, applicable to electric railroads, for at that time there were none such. It has been held however, that section 5474, which prescribes the duties of engineers and conductors of trains at points where the tracks of two railroads cross each other at grade, governs the case of an

electric street railroad (*Birmingham Mineral v. Jacobs*, 92 Ala. 187, 9 South. 320, 12 L. R. A. 830; *L. & N. v. Anchors*, 114 Ala. 492, 22 South. 279, 62 Am. St. Rep. 116; *Birmingham Southern v. Powell*, 136 Ala. 232, 33 South. 875), and, as thus construed, this section has been re-enacted and brought forward in subsequent Codes.

Reasons why section 5473, providing that the engineer or other person having control of the running of a locomotive on any railroad shall blow the whistle or ring the bell in certain designated situations, does not apply to electric railroads are well stated by the Court of Appeals in *Birmingham R. L. & P. Co. v. Ozburn*, 4 Ala. App. 399, 56 South. 599. That court closes its decision by quoting from *Dean v. State*, 149 Ala. 34, 43 South. 24, in which it was held that a statute, which made it an offense for the conductor of a railroad train to fail to keep a sufficiency of good drinking water thereon, did not apply to the conductor of an electric car on an urban, suburban, or interurban street railroad: "We think that this statute was intended to apply to such trains as were known at the time of its first enactment, when electric street or suburban cars were unknown." We suppose there can be no doubt that section 5475, requiring railroad companies to erect signboards at every public road crossing, was not and is not intended to make an useless addition to the clutter of the average street. It has been the policy of this state to commit the regulation of such matters and the care and control of streets to the authorities of the municipalities where they are located. The words "railroad company," unconfined by any context, are broad enough to include both steam and electric roads. But the fact that the liability declared and the rule or procedure

prescribed are neither apt nor applicable to electric street railroads in two of the three cases provided for by the preceding sections, whereas the section declares in terms a rule for all cases involving a breach of the duties prescribed in the three preceding sections, is sufficient to require the exclusion of street railroads from the operation of section 5476. There is not in the section a syllable to indicate or justify the conclusion that the word "railroad" is used with different meanings at different places in the section, and in the absence of some such indication to the contrary, to be found in the statute itself, the word must be given some definite, congruous, and consistent meaning throughout the section.—*Lehman v. Robinson,* 59 Ala. 219; *State ex rel. Meyer v. Greene,* 154 Ala. 249, 46 South. 268. Any such meaning must be held to include steam railroads and nothing else.

To give the section the meaning for which the appellant contends, to so correlate its provisions and distribute its universal terms as to make them applicable to electric street railroads, in some cases would require a material reconstruction of its language and involve the court in an assumption of the powers of the Legislature. It is not at all certain that any just or safe policy requires for such cases a rule different from that general rule of the law which places the burden of proving a fact upon the party making the allegation, but, if so, that is a matter which should have the attention of the legislative branch of the government. We find no evidence in the statute that as yet it has had such attention. There was no error in the trial court's rulings on this point.

In giving charge 32 at the request of the defendant, the trial court failed to observe the rule of our cases which dates the plaintiff's subsequent contributory neg-

[Appel v. Selma Street & Suburban Railway Company.]

ligence from his own discovery of his peril by reason of the immediate approach of the car rather than from the defendant's discovery of that fact.

Appellee contends that it was entitled to the general affirmative charge, and hence that errors committed were of no consequence. We are unable to take that view of the case. No preponderance of conflicting testimony, however great, can justify the withdrawal of a disputed question from the jury. The questions as to whether and when the motorman took cognizance of the fact that plaintiff was either unaware of his danger or would not make proper effort to take himself out of danger, and as to whether and when the plaintiff became aware of the near approach of the car—all questions of vital importance in determining the issues proposed by the counts averring subsequent negligence on the part of the motorman and the pleas averring concurring or subsequent contributory negligence on the part of plaintiff—the answers to these questions were to be inferred from circumstances of doubtful import and were properly left to the jury.

We think this opinion need not be prolonged. We have pointed out reversible error and said enough to indicate our view of the questions involved.

Reversed and remanded. All the Justices concur.

SIMPSON, J.—(dissenting in part)—thinks all the pleas considered were good as answers to the subsequent negligence counts as well as those charging negligence simply.