[Ex Parte Selma Street & Suburban Ry.]

# *Ex Parte* Selma Street & Suburban Ry.

## *Injury to Property on Track.*

(Decided May 30, 1912.  59 South. 169.)

*Street Railways; Collisions; Burden of Proof; Statutes; Railroad Companies.*—Section 5476, Code 1907, has no application to street railways operating as such on the streets of a city for a failure to comply with the provisions of sections 5473, 5474, 5475, Code 1907.

APPEAL from Dallas Circuit Court.

Heard before Hon. B. M. MILLER.

M. E. Martin brought action against the Selma Street & Suburban Railway Company, for damages for killing a dog. There was judgment for plaintiff and on appeal to the Court of Appeals of Alabama, the judgment was affirmed. (*Selma St. & Su. Ry. Co. v. Martin,* 2 Ala. App. 537; 56 South. 601). The appellant brings certiorari to review the judgment in that case. Reversed and remanded as to the holding that section 5476, Code 1907, applies to street railways.

MALLORY & MALLORY, for petitioner. Counsel discuss the extent of the jurisdiction of the Supreme Court over the proceedings, holdings, and decisions of the Court of Appeals and the method of enforcing their jurisdiction, with citation of authority in support thereof, but it is not deemed necessary to here set them out. Counsel insist that section 5476, Code 1907, has no application to street railways operating as such on the streets of a city.—68 Fed. 82; 179 Fed. 243; 69 Am. St. Rep. 736; 75 S. W. 7; 92 S. W. 864; 73 S. W. 686; 35 S. W. 826; 26 Cyc. 1370; 61 Minn. 608; *S. &*

*N. Ala. Ry. v. Ry. Co.,* 119 Ala. 105; *Appel v. Selma St. & Surb. Ry., infra.*

ARTHUR M. PITTS, for appellee. Counsel discuss the authority of the Supreme Court to review the decision of the Court of Appeals with citation of authority, but it is not deemed necessary to set them out. Sec. 5476, applies to street railways.—*L. & N. v. Anchors,* 22 South. 279; *Bir. Min. v. Jacobs,* 92 Ala. 187; *Bir. St. Ry. v. Powell,* 136 Ala. 232.

SOMERVILLE, J.—In the case of *Selma St. & Sub. Ry. Co. v. Martin,* 2 Ala. App. 537, 56 South. 601, an action for injuries inflicted on plaintiff's dog by defendant's car while being operated on its track along a street in the city of Selma, it was held by the Court of Appeals that a dog is "property" within the meaning and application of that term as used in section 5476 of the Code, and that the provisions of that section are applicable to *street* railroad companies; the particular conclusion being that, upon plaintiff's proving that defendant's agents ran its car over the dog, the statute imposed on defendant the burden of acquitting itself of the implication of negligence proximately productive of the result complained of.

Section 5476 of the Code is as follows: "A railroad company is liable for all damages done to persons, or to stock or other property, resulting from a failure to comply with the requirements of the three preceding sections, or any negligence on the part of such company or its agents; and when any person or stock is killed or injured, or other property destroyed or damaged by the locomotive or cars of any railroad, the burden of proof, in any suit brought therefor, is on the railroad company to show a compliance with the require-

[Birmingham Railway, Light & Power Co. v. Simpson.]

ments of such sections, and that there was no negligence on the part of the company or its agents."

The history and language of this section, the primary purpose of which is to shift the burden of proof from plaintiff to defendant in cases of injury "to stock or other property," and especially its references to sections 5473, 5474, and 5475, preceding it, very clearly indicate that it was not intended to apply to *street* railroad companies operating as such on the streets of a city. This conclusion was reached by this court, after thorough consideration, in the recent case of *Appel v. Selma St. & Sub. Ry. Co., infra.,* 59 South. 164, decided since the decision of the instant case in the Court of Appeals; and, for the purpose of securing uniformity in the construction of the statute in question, the judgment of the Court of Appeals will be reversed, and the cause remanded for disposition in accordance with our ruling in the *Appel Case.*

Reversed and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.