[Montgomery Light & Traction Co. v. Woods.]

# Montgomery Light & Traction Co. v. Woods.

## Injury to Stock.

(Decided November 4, 1915.   70 South. 119.)

1. *Street Railways; Injury to Stock; Burden of Proof.*—Where the action was to recover damages for the killing of a calf by a street railway, the burden of proof was upon plaintiff to show negligence of the street railway, since the statute affecting the burden of proof in cases where stock is killed by railroads is without application to street railways.

2. *Same; Negligence.*—A street railway is liable for killing stock on its right of way only where its negligence is the proximate cause thereof.

3. *Appeal and Error; Disposition of Case.*—Under section 2890, Code 1907, where the judgment rendered is not justified by the evidence, the appellate court will render a final judgment in the cause in accordance with the law and the evidence.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by W. D. Woods against the Montgomery Light & Traction Company for damages for killing a calf. Judgment for defendant and plaintiff appeals. Reversed and rendered.

Transferred from Court of Appeals under the act creating said court.

RUSHTON, WILLIAMS & CRENSHAW, for appellant.

W. R. BRASSELL, for appellee.

MCCLELLAN, J.—(1) The appellee was accorded a judgment against the appellant, a street railway company, for damages for negligently causing the death of appellee's calf. Since the statutes affecting the burden of proof in cases where animals are injured or killed by locomotives or cars operated on railroads in this state

[Montgomery Light & Traction Co. v. Woods.]

have no application to street railways (*Appel v. Selma Ry. Co.,* 177 Ala. 457, 59 South. 164), the unqualified burden of proof, unaided by any presumption, was on the plaintiff to affirmatively show negligence on the part of the defendant's servants as the proximate cause of the death of the calf.

(2) All the evidence, or any rationally possible inference from the evidence, shown by this record, is that the calf was probably killed by a street car. It neither invites nor authorizes any character of conclusion that the animal was killed by negligent act or omission of any operative of any street car of the defendant. If the case of *Mobile Light & Ry. Co. v. Mackay,* 163 Ala. 111, 50 South. 1035, is susceptible of an interpretation that would conclude to negligence as from mere proof of death inflicted by a street car, it must be attributed to a mistaken notion of the effect of the statute, section 5476 of the Code—a conclusion that has been rendered impossible by the correct construction of that section in the *Appel Case, supra.*

(3) The judgment for the plaintiff was not justified by the evidence, and the court, trying the case without jury, erred in rendering the judgment it did. The judgment is therefore reversed, and one will be here rendered for the defendant.—Code, § 2890.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.