(84 South. 775)

WILKERSON v. RUSHTON. (3 Div. 357.)

(Court of Appeals of Alabama. Jan. 20, 1920.)

1. STREET RAILROADS ⬦117(15)—EVIDENCE. OF NEGLIGENCE IN KILLING DOG HELD INSUFFICIENT TO GO TO JURY.

In an action against a street railway company for the negligent killing a dog, evidence *held* insufficient to go to the jury.

2. STREET RAILROADS ⬦112(1)—OWNER HAS BURDEN OF PROVING NEGLIGENT KILLING OF DOG.

In the absence of statute to the contrary, the burden is upon the plaintiff to prove the killing of his dog by a street car was due to defendant's negligence.

Appeal from Circuit Court, Montgomery County; W. L. Martin, Judge.

Action by J. M. Wilkerson against Ray Rushton, as receiver of the Montgomery Light

& Traction Company, for damages for killing a dog. Judgment for defendant, and plaintiff appeals. Affirmed.

Tilley & Elmore, of Montgomery, for appellant.

The court erred in directing a verdict for the defendant, and in overruling appellant's motion for a new trial. 195 Ala. 292, 70 South. 162; 132 Ala. 612, 32 South. 717; 103 Ala. 637, 16 South. 9; 124 Ala. 528, 27 South. 408; 150 Ala. 388, 43 South. 563; 158 Ala. 538, 48 South. 114; 122 Ala. 366, 25 South. 197.

Rushton, Williams & Crenshaw, of Montgomery, for appellee.

The court properly directed a verdict for the defendant. 197 Ala. 476, 73 South. 33; 173 Ala. 644, 55 South. 821; 167 Ala. 286, 52 South. 414; 172 Ala. 603, 56 South. 203; 95 Me. 458, 50 Atl. 243; 195 Ala. 290, 70 South. 162.

MERRITT, J. The plaintiff (appellant) sued the defendant (appellee) to recover damages for the negligent killing of the plaintiff's dog by a street car of the defendant, operated over its line on Clayton street in the city of Montgomery. At the request of the defendant the court below gave the general affirmative charge. After judgment for the defendant and refusal of the court to grant a new trial moved for by the plaintiff, the plaintiff appeals.

[1, 2] There were only two witnesses; one testifying that there was a bright arc light at the point where the dog was run over; that it was shining brightly; that he was coming up the street behind the car on the right-hand or north side of the street and moving in the same direction as the car; that the headlight of the car was burning; that he did not hear any signal given by the motorman; that the car was going the ordinary speed; and that he did not see the dog run across witness' side of the street toward the moving car. The other witness testified that he was sitting on his porch on the left or south side of the street at the time the dog was killed by the car, and that the dog did not run from the south side of the street in front of the car because he was watching.

The plaintiff's insistence is that there could have been a legal inference that, as one witness did not see the dog go on the track from the north side of the street, and the other says he did not run from the south side of the street, the car moving from east to west, that as a matter of fact the dog must have been on the track, and therefore, as another legitimate inference the motorman was not keeping a proper lookout. In the first place, the fact that the witness did not see the dog come from the north side of the street is in no wise

conclusive that he did not come from this side, and, considering that he was on the track, how long was he there before the motorman, if keeping the proper lookout could have seen him, and what distance was he from the car when the motorman first saw him, or could have seen him? It strikes us that too many presumptions are to be required under the evidence in this case to say with none against the defendant, and the burden being on the plaintiff, that the case should have been submitted to the jury. To have inferred negligence from the facts in this case would have been to "presume on presumptions." In the absence of statute to the contrary, the burden of proof, as stated, was on the plaintiff to show that the death of the dog was due to the negligence of the defendant. Montgomery B. & T. Co. v. Woods, 194 Ala. 329, 70 South. 119; Appel v. Selma S. & S. Ry. Co., 177 Ala. 457, 59 South. 164; Ex parte Selma S. & S. Ry. Co., 177 Ala. 473, 59 South. 169, holding that Code, § 5476, is not applicable to street railways. On the record before this court, it is clear that the evidence produced at the trial afforded no authority for a conclusion that negligence characterized the killing of the dog, and that the plaintiff failed to discharge the burden of proof in the premises.

The trial court therefore correctly gave the general affirmative charge for the defendant, and overruled plaintiff's motion for a new trial.

The judgment of the trial court is affirmed. Affirmed.