# Scholze *v*. Sloss-Sheffield Steel & Iron Company.

## Action to recover Damages for Injuries to Person and Property.

1. *Action for negligence; instruction of court ignoring part of the evidence should be refused.*—In an action to recover damages for injuries to person and property alleged to have been caused by the negligence of the defendant or its employes, where there was evidence introduced upon which it was open to the jury to find that defendant's employes were guilty of negligence which had a proximately causal connection with the injuries inflicted, a charge requested by the defendant which takes from the consideration of the jury all of such evidence and instructs them to find that the defendant was not guilty of negligence upon their belief of certain other distinct and independent facts which the defendant's evidence tended to show, is erroneous, and should not be given at the request of the defendant.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

This action was brought by the appellant, Herman
Scholze, against the appellee, the Sloss-Sheffield Steel
& Iron Company, to recover damages for injuries to the
person and property of the plaintiff.

The plaintiff was riding in a buggy along First Avenue of the City of Birmingham; the railroad track of the defendant crossed First Avenue between the city of Birmingham and Avondale. While driving across the track of the defendant company at a point where it crossed First Avenue, the buggy in which the plaintiff was riding was struck by an engine operated on the defendant's road, and the buggy, horse and harness were injured and the plaintiff suffered personal injuries. It is to recover damages for these injuries that the present suit is brought.

Under the opinion of this case, it is unnecessary to set out the facts in detail.

The plaintiff separately excepted to the court's giving the following charge as requested by defendant, which was based upon a tendency of the defendant's evidence. (3.) "If the jury believe from the evidence that at the time of the accident complained of, the defendant's engine had on its two head-lights, one on the front end and the other on the rear, and that said head-lights were brightly burning, and if they further believe from the evidence that the engine at the time of the accident was crossing First Avenue at a rate of speed not exceeding four miles an hour; and that as soon as the engineer discovered that the plaintiff would attempt to cross the track, he, the engineer, applied the brakes, reversed the engine, and sanded the track, and that this was all that he could have done to stop the engine, then the defendant was guilty of no negligence, and the jury must return a verdict in favor of the defendant."

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the giving of the charges requested by the defendant.

A. O. LANE, for appellant, cited *T. C. & I. Co. v. Stevens*, 115 Ala. 462; *L. & N. R. R. Co. v. Sandlin*, 125 Ala. 593; *Williams v. Kendricks*, 115 Ala. 278; *Frazer v. S. & N. Ala. R. R. Co.*, 81 Ala. 185; *Bentley v. Ga. Pac. R. Co.*, 86 Ala. 484.

WALKER, TILLMAN, CAMPBELL & MORROW, *contra*.

McCLELLAN, C. J.—The plaintiff, Schloze, sustained injuries to his property and person through a collision of an engine of the defendant at the crossing of a public road with his buggy as he was proceeding in it along the public road. The first count of the complaint ascribes those injuries to "the negligence of defendant's employes in charge of said engine in the management and operation of said engine." There was evidence upon which it was open to the jury to find that defendant's employes in charge of the engine were guilty of negligence in failing to blow the whistle or ring the bell of the en- as it approached the crossing and this negligence had a proximately causal connection with the injuries inflicted. The railway track approached, crossed and proceeded beyond the public road on a curve. There was evidence upon which the jury had a right to conclude that the engineer, as he approached the crossing on this curved track, could not see one-fourth of a mile ahead, and that he did not approach the crossing at such speed as to be unable "to prevent an accident in the event of an obstruction on the crossing," (Code, § 3440) ; and it was for the jury to find whether this dereliction was the proximate cause of the collision. The 3d charge given at the request of the defendant took all this evidence away from the jury, and required them to find the defendant guiltless of negligence upon their belief of certain other distinct and independent facts. It would not, in view of the tendencies of the evidence to which we have alluded, necessarily follow from the hypothesis of charge 3 that the defendant was guilty of no damnifying negligence; and the giving of the charge was an error for which the judgment of the circuit court must be reversed. The case will be remanded.

Reversed and remanded.