# Huggins *v.* Southern Ry. Co.

*Action for Damages for Injury to Employe.*

(Decided April 20, 1909. 49 South. 299.)

1. *Master and Servant; Injury to Servant; Contributory Negligence.*—As an answer to a suit against the master for injuries done the employe a plea setting up contributory negligence is demurrable if it fails to set forth the facts constituting the negligence.

2. *Same; Rules; Operation and Effect.*—Where the master does not furnish cars with such appliances or other means to enable a compliance with its rules by its employes, the rule furnishes no protection to the master.

3. *Same; Action; Directing Verdict.*—Where there is evidence from which a jury could infer initial negligence on the part of the servant and evidence from which the jury could infer subsequent proximate negligence on the part of the master after the servant got in a dangerous position, the affirmative charge should not be given.

4. *Pleading; Special Plea; General Issue.*—Special pleas setting up matters which are cognizable under the plea of general issue, are demurrable where the general issue is interposed.

5. *Same; Demurrers; Grounds.*—Demurrers to special pleas are properly overruled where they fail to point out the infirmities in pleadings.

6. *Evidence; Lost Instrument; Secondary Evidence.*—Secondary evidence of the contents of a lost instrument is not admissible until the loss and search for same has been shown by each and every custodian thereof.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAMS JACKSON.

Action by Joseph Huggins against the Southern Railway Company for personal injuries. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

For pleading and facts on former appeal in this case, see *Huggins v. Southern Ry. Co.,* 148 Ala. 153, 41 South. 856.

The second plea is as follows: "Plaintiff himself was guilty of negligence, which proximately contributed to cause his injury, in that he negligently allowed his hand or arm to be caught between the dead block or other appliances on the end of said car while the same was being coupled." Plea 10 was interposed to all counts of the complaint as amended, except counts 4, 6, and 8, and sets up contributory negligence on the part of the plaintiff in going between said cars and remaining there until they came together, when it was obviously dangerous for him to do so by reason of the fact that one of said cars were being rapidly backed up in order to effect a coupling. Plea 11 was filed to the same counts as plea 10, and sets up the same negligence as in plea 10, with allegation that the plaintiff assumed the risk.

The demurrers to the second plea were: "First, that it is no answer to the count setting up wanton or willful injury; second, because matters therein set up could be shown under the general issue; third, because it fails to show or aver in what manner said plaintiff was negligent in allowing his hand or arm to be caught between the dead blocks or other appliances; and, fourth, because it states a mere conclusion of the pleader." The demurrer to the tenth plea was as follows: "Said plea fails to aver or show that plaintiff was guilty of gross or reckless negligence in going between said cars when plaintiff had been ordered to do so, and is therefore no answer to the second count of the complaint." To the

eleventh plea, that said plea is no answer to any count of the complaint, because it sets up the conclusions of the pleader, and fails to aver or show any fact or facts that would show that the arm of the plaintiff was in such position as it would likely be caught and mashed.

Replications 3 and 9 to the twelfth plea were as follows (the twelfth plea sets up the contract which is set out in a former report of this case in reference to coupling with a stick, and alleges a violation by plaintiff of said contract and the rules contained therein, by going in between the cars to make said coupling while one of said cars was in motion, or had an engine attached to it): (3) "Plaintiff says that the coupling he was making or attempting to make at the time could not be made with a stick; that he was required by the defendant, and it was necessary for the plaintiff, to make such a coupling in the course of his employment, and it was his duty to do so; that he had been ordered to make said coupling as averred in the complaint, and it was necessary to go in between the cars to make such coupling." (9) "That the coupling plaintiff was making at the time of the injury could not be made without going between the cars; that plaintiff had been ordered by his superior employe, Porterfield, to make said coupling, and in order to do so it was necessary to go in between the cars; and plaintiff avers that said Porterfield, as the representative of the defendant, and as agent of the defendant, had the authority to order a violation of the rules set up in said plea, and whose orders plaintiff avers it was his duty to obey under his employment."

The demurrers to the third replication were as follows: "Said replication is no answer to defendant's plea of contributory negligence on plaintiff's part, charging that in violation of his contract he went in between the moving cars to couple them. (2) It fails to show

that the order given plaintiff to make the coupling was given by any person having authority to waive defendant's rule prohibiting employes from going in between moving cars to couple or uncouple them."

ESTES, JONES & WELCH, for appellant. The court should have sustained the demurrer to the 2nd plea.— *Creola L. Co. v. Mills*, 42 South. 1019; *L. & N. R. R. Co. v. Markee*, 103 Ala. 160. The court should have sustained the demurrer to the 8th plea, as well as the 3rd, 5th and 6th pleas.—Authorities supra. The court erred in sustaining demurrer to the 10th replication.— 94 Ala. 552. The court also erred in sustaining demurrer to the 13th and 14th replication.—*Hissong's Case*, 97 Ala. 187. Counsel insist that the court erred in reference to the admission of evidence as to the contract and the manner of its execution.—80 Ala. 314; 76 Ala. 243; 8 Ency of Evi. 354; 105 Ala. 393; 95 Ala. 294; 98 Ala. 481. The court erred in giving the general charge for the defendant.—*Huggins v. Southern Ry. Co.*, 41 South. 856; *Southern Ry. Co. v. Guyton*, 122 Ala. 241; *Ala. Mid. v. McDonald*, 112 Ala. 217; *L. & N. v. Pearson*, 97 Ala. 211; *Cent. of Ga. Ry. Co. Case*, 124 Ala. 172.

WEATHERLY & STOKELY, for appellee. No brief came to the Reporter.

ANDERSON, J.—As the record shows that all of the appellant's demurrers to the defendant's special pleas, upon which there was a ruling, were sustained, except as to pleas 2, 10, and 11, we shall only consider the demurrers to these pleas, notwithstanding counsel in their brief argue the case as if their demurrers were overruled as to other pleas.

The trial court erred in not sustaining the demurrer to the second plea. It failed to set up the facts consti-

tuting contributory negligence, and was subject to the second ground of demurrer on page 17 of the record.

While we do not wish to be understood as holding that pleas 10 and 11 are good pleas, their infirmity was not pointed out by the demurrers interposed thereto.

The plaintiff got the full benefit of the second replication to the twelfth plea under the fourth and eighth replications thereto.

When the authorities declare that rules of railroads forbidding going in between cars to make a coupling and requiring the use of sticks, etc., are "reasonable" and "wholesome," it is with the qualification or understanding that the duties required may be performed consistently with the rule. If the master fails to furnish such cars and appliances or other means to enable a compliance with the rule in order to discharge the required duty, the rule will afford no protectiion, if the duty imposed necessitates its nonobservance.—*M. & C. R. R. v. Graham,* 94 Ala. 552, 10 South. 283. The trial court erred in sustaining demurrers to the plaintiff's replications 3 and 9 to the defendant's twelfth plea.

The trial court erred in giving the affirmative charge for the defendant. There was not only proof from which the jury could infer initial negligence on the part of the defendant's servants, but from which they could infer proximate negligence subsequent to plaintiff's going between the cars, even if he negligently did so. There was some proof that Porterfield knew that the plaintiff was between the cars, and that he was signaling the engineer at the time of and just before the injury, and could have avoided the said injury by giving stop or checking signal. There was also proof that the train was backed at a rapid and unnecessary rate of speed, and that the engineer knew that plaintiff was, at the time, between the cars. True, he may not have

159—13

[Huggins v. Southern Ry. Co.]

actually seen him between the cars; but there was proof that he was looking back, and could see the plaintiff when standing on the outside. Then, if he disappeared, the jury could infer that the engineer knew he had gone between the cars. If he knew he was between the cars, and he ran the train back at a high and unnecessary rate of speed, it was for the jury to determine whether or not it was negligently backed, and whether or not said negligence, if any there was, was the proximate cause of the injury notwithstanding plaintiff may have negligently gone between the cars.

There seems to have been considerable quibbling over the attempt to prove the contents of the contract as set out in the sixth plea. As this case must be reversed, we need not determine whether or not the trial court committed reversible error in this particular; for, if the original is not found by the next trial, the loss and search for same should be shown by each and every custodian thereof before the admission of secondary evidence.

The judgment of the city court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and MCCLELLAN and SAYRE, JJ., concur.