# Jordan *v.* Ala. C. G. & A. Ry. Co.

## *Injury to Property on Track.*

(Decided December 5, 1912. 60 South. 309.)

1. *Stret Railroads; Injuries to Pedestrians; Contributory Negligence.*—A plea in the alternative is no stronger than the weakest alternative; hence a plea of contributory negligence alleging that plaintiff negligently jerked his horse, causing it to back the buggy immediately in front of defendant's car, or negligently so managed or controlled his said horse as to permit his horse to back said buggy on defendant's said track in front of said moving car, was demurrable for failure to plead facts. The other pleas of contributory negligence examined and held subject to the same defect.

2. *Same; Burden of Proof.*—Where the action was for injury to property caused by negligently running a street car into a buggy and the defendant pleads the general issue the burden of establishing the material averment of at least one count of the complaint was upon the plaintiff.

3. *Same; Operation; Care Required.*—In the exercise of its rights in common with others a street railway must so exercise them as not to unreasonably hinder or endanger either in such use; it being required to keep a diligent lookout for persons using the street and to operate its cars in such a way as to avert injury to persons and property.

4. *Same; Evidence.*—Where the action was for injuries to a buggy in a collision with a street car it was not permissible to introduce evidence of the populousness of the territory surrounding or beyond the public street where the injury occurred.

5. *Same; Complaint; Wanton Injury.*—The averment that the motorman willfully or intentionally ran his car against plaintiff's buggy "when he knew" that plaintiff would thereby be injured was objectionable as alleging a conclusion from his acts rather than alleging the acts themselves.

6. *Same; Instructions.*—Where the action was for injury to a buggy in collision with a street car and there was a basis in the evidence for finding a breach of duty by the defendant, instructions asserting that if plaintiff had driven his horse away from the track the motorman was under no duty to slow the car until he saw the horse was backing towards the track, and if he then stopped the car as quickly as he could plaintiff could not recover; that if the injury resulted from the backing of plaintiff's buggy against the car and the motorman was without fault, then the verdict should be for the defendant, failed to hypothesize defendant's duty to keep a lookout and to keep its cars under such control as to avert injury and hence was invasive of the jury's province and improper.

Dowdell, C. J., and DeGraffenried, J., dissent in part.

Mayfield, Sayre and DeGraffenried, JJ., dissent in part.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by S. E. Jordan against the Alabama City, Gadsden & Attalla Railway Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The following are the pleas referred to in the opinion: (3) "Contributory negligence, which proximately contributed to his injuries, in that, while defendant's electric car was approaching plaintiff, who was driving the said horse and buggy, plaintiff negligently jerked his horse, causing it to back the buggy immediately in front of defendant's moving car, or negligently so managed or controlled his said horse as to permit said horse to back said buggy on defendant's said track immediately in front of said moving car, whereupon defendant's said car struck said buggy, inflicting the injuries complained of." The fourth ground of demur-

[Jordan v. Ala. C. G. & A. Ry. Co.]

rer to this plea was that the plea did not show in what respect plaintiff was negligent in managing or controlling his horse. Plea 4: "Plaintiff himself was guilty of negligence, which proximately contributed to his injuries, in that he so negligently or carelessly managed the horse which he was driving to said buggy as to permit or allow said horse to back said buggy on defendant's track immediately in front of said moving car, whereupon said car struck said buggy, inflicting the injuries complained of." (5) "Plaintiff himself was guilty of negligence, which proximately contributed to his injuries, in that he was driving said horse and buggy, and, as defendant's car approached plaintiff, said horse and buggy were not on, but some distance away from, defendant's track, and plaintiff so negligently managed said horse as to permit it to back said buggy some distance onto defendant's said track immediately in front of a moving car, whereupon said car struck said buggy, inflicting the injuries complained of."

The following charges were given at defendant's instance: (4) "If, after considering all the evidence, the jury's minds are in a state of doubt and uncertainty that they are unable to reasonably determine whether plaintiff's injuries proximately resulted from the negligence of defendant's servants, the verdict should be for the defendant." (11) "The burden of proof is on the plaintiff to satisfy the jury reasonably that plaintiff's injuries resulted from the negligence of defendant's servants in charge of said car, and, unless the evidence so satisfies the jury, plaintiff is not entitled to recover." (19) "The filing of the plea of the general issue by the defendant cast the burden of satisfying the jury reasonably of the truthfulness of the material averments of the complaint, and unless the plaintiff has

so carried the burden, and so satisfied the jury, plaintiff is not entitled to recover." (1) "If Jordan had driven his horse into Fourteenth street, away from the car track, the motorman was under no duty to check the speed of the car until he saw that the horse was backing towards the track, and if, after he discovered this, he stopped the car as quickly as he could, plaintiff cannot recover in this action." (7) "If the injury in this case resulted from the backing of the buggy by the horse plaintiff was driving against the car, and the motorman was without fault in bringing his car to a stop, the jury should return a verdict for the defendant." (8) "The motorman was under no duty to check or stop his car until the danger of a collision arose, and if thereafter the motorman used all the means at hand to stop his car, plaintiff is not entitled to recover in this action." (21) "The court charges the jury that if, while defendant's electric car was approaching plaintiff, he negligently jerked his horse, causing it to back the buggy immediately in front of the moving car, or negligently so managed or controlled his said horse as to permit said horse to back said buggy on defendant's said track immediately in front of said moving car, whereupon defendant's said car struck said buggy, inflicting the injuries complained of, plaintiff would not be entitled to recover on the first count."

AMOS E. GOODHUE, and DORTCH, MARTIN & ALLEN, for appellant. The court should have sustained the demurrers to plea number three.—115 Ala. 194; 144 Ala. 142; 78 Ala. 284; 6 Mayf. 669; 56 South. 529. The plea is disjunctive and is no stronger than its weakest alternative and its last alternative fails to state facts and states only a conclusion.—168 Ala. 586; 56 South. 529. On these same authorities demurrers should have

been sustained to pleas four and five. The court erred in not permitting the plaintiff to show how thickly settled the district was that surrounded the place of the accident.—144 Ala. 317; 6 Mayf. 340. The court was in error in permitting the witness Moon to state whether he stopped the car as quickly as he could.—149 Ala. 544.· The court erred in giving charge seven at the request of the defendant.—138 Ala. 340. The same vice also infects charge 1.—124 Ala. 114. Charge 11 was improperly given.—Section 5476, Code of 1907; 163 Ala. 174; 166 Ala. 591. The court was in error in giving charge 8.—119 Ala. 615; 144 Ala. 329.

HOOD & MURPHREE, for appellee. The court was not in error in its ruling on the pleadings, nor in the admission of evidence. The charges given were properly given as section 5476, Code of 1907, has no application to the conditions here shown to obtain.—*Ensley Ry. Co. v. Shewning,* 9 South. 458; *B'ham M. R. Co. v. Jacobs,* 9 South. 320; *B'ham R. & E. Co. v. Baylor,* 13 South. 392. Counsel discuss other assignments of error but without other citations of authority.

McCLELLAN, J.—Action for damages resulting from the collision of a street car and the buggy in which plaintiff (appellant) was when injured. The complaint contained two counts; the first charging, in general terms, simple negligence, and the second, wanton or willful injury.

The report of the appeal will contain special pleas 3, 4, and 5, addressed to the first count which purported to set up contributory negligence. Plea 3 was subject to ground 4 of the demurrer. This plea is no stronger than its weakest alternative (*Osborne v. Ala. S. & W. Co.,* 135 Ala. 571, 33 South. 687), viz., "or negli-

gently so managed or controlled his said horse as to permit said horse to back said buggy on defendant's said track immediately in front of said moving car." There is in this alternative averment an entire absence of allegation of fact to which the law could or does attach the imputation of negligence. The effect, the result of the summarily stated negligence of the plaintiff, viz., the permitting of the animal to back the buggy on the track, etc., did not, of course, afford the essential factor in such pleas of the averment of the facts constituting the negligent act or omission sought to be charged thereby. If the plea had omitted this alternative averment, the argument in support of the plea would doubtless be persuasive. What is required to construct a sufficient plea of contributory negligence has been often stated here. The court has all along adhered to the early announced doctrine that such pleas must aver the facts and circumstances constituting the negligence relied on, not the mere conclusion of the pleader, often declaring that the employment of the word "negligently," or other similar conclusion-expressing words, will not serve as a substitute for allegations of facts and circumstances.—*Creola Lumber Co. v. Mills,* 149 Ala. 474, 481, 42 South. 1019; *Huggins v. Southern Railway Co.,* 159 Ala. 189, 49 South. 299; *Brown v. St. L. & S. F. R. R. Co.,* 171 Ala. 310, 55 South. 107; *Southern Cotton Oil Co. v. Walker,* 164 Ala. 33, 48, 49, 51 South. 169; *B. R. L. & P. Co. v. Selhorst,* 165 Ala. 475, 481, 51 South. 568; *Western Railway Co. v. Russell,* 144 Ala. 142, 39 South. 311, 113 Am. St. Rep. 24; 6 Mayf. Dig. pp. 669, 670.

Pleas 4 and 5 were, for like reason, subject to the demurrer.

It is insisted for appellant that under Code, § 5476, the burden of proof to negative its negligence for the

injury complained of rested upon the defendant. The car in collision with which the buggy came was that of a street railway company, being operated in a public street. The statute mentioned does not apply to such companies.—*Appel v. Selma St. Ry. Co.,* 177 Ala. 457, 59 South. 164; *Ex parte Selma St. Ry. Co.,* 177 Ala. 473, 59 South. 169. Hence the trial court did not err in giving, at defendant's instance, charges 4, 11, and 19. The burden of proof to establish the material averments of at least one of the counts of the complaint was upon plaintiff. He could not recover if that burden was not discharged.

After stating the correlative rights and duties of streets, it was said in part in *Anniston El. Co. v. Rosen,* 159 Ala. 195, 202, 203, 48 South. 798, 801 (133 Am. St. Rep. 32) : "The exercise of the common right, by each, must be such as not to unreasonably hinder or endanger either in the use of the street; and upon the operative of the street car rests, as of course, the duty to be diligent in keeping a lookout for persons using the street and to bring to the operation of the car, under such circumstances, such measure of care and prudence as the common rights enjoyed by the traveler and the street car suggest. This necessarily imposes upon the carrier the duty to operate its cars, in public streets, under such speed as that, if persons or property be upon or dangerously near the tracks of the street railway, the car may be, with skillful application of stopping appliances, stopped, and injury thereto averted." The qualification of these duties is then set down.

Charles 1 and 7, given at the defendant's instance, each pretermitted, in hypothesis, features of the rules of duty which we have quoted from *Rosen's Case,* and which may have been found, on the evidence here, to have been breached with the proximately attending re-

sult of injury as complained of. · Neither of these instructions takes account in its hypothesis of the operative's observance of the duty to keep, under the circumstances shown, a diligent lookout or of the duty which requires that street cars in public streets should not be operated at such speed as will, in spite of due diligence, prudence, and skill, prevent the averting of injury to person or property upon or dangerously near the track, as defined in Rosen's Appeal. The legal effect of both instructions was to invade the jury's province by predicating a finding against the plaintiff upon . circumstances of disfavor to the plaintiff's right to recover, which, though present, still left under the evidence the basis for a finding in plaintiff's favor.— *Scholze v: S.-S. S. & I. Co.,* 138 Ala. 339, 35 South. 321. Both instructions were therefore erroneously given to the jury.

For like reason charges 8 and 21, given at defendant's instance, should have been refused.

There was no error in excluding evidence of the populousness of the territory surrounding or beyond the scene in a public street of the injury.

The second count contained this averment: "Said motorman willfully, wantonly, or intentionally propelled said car against plaintiff's vehicle when he knew that plaintiff would thereby be injured." The evidence indicated was entirely immaterial under either count of the complaint. In eliciting testimony of what the motorman did, and when he did it, in the effect to stop the car, it is at least preferable that the testimony be directed to his acts rather than to a conclusion based thereon or drawn therefrom.

Except as below stated, all of the Justices concur in the opinion, from which a reversal results. But the CHIEF JUSTICE and Justice DE GRAFFENRIED entertain

[Bason v. Ala. G. S. R. R. Co.]

the opinion that the mentioned evidence of the populousness of the neighborhood of the scene of the injury was material and admissible, and that the court erred in excluding that evidence. They therefore dissent upon that point.

MAYFIELD, SAYRE, and DE GRAFFENRIED entertain the opinion that pleas 3, 4, and 5 were good, and were not subject to demurrer. They therefore dissent from the conclusion of the majority that the demurrers to those pleas were erroneously overruled.

Reversed and remanded.