**W. D. CULVERHOUSE, Plaintiff,**

v.

**BIEHL & COMPANY et al., Defendants.**

**No. 12678.**

United States District Court
S. D. Texas,
Houston Division.

July 31, 1959.

Miller, McClure, Lucas & Wright, James H. Wright, Houston, Tex., for plaintiff.

Baker Botts, Andrews & Shepherd, Frank G. Harmon, II, Houston, Tex., for defendants.

INGRAHAM, District Judge.

Plaintiff moves for voluntary dismissal of this personal injury action without prejudice, with costs to be taxed against plaintiff, pursuant to Rule 41(a) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Originally filed in state court on May 23, 1959, this cause was removed to federal court by defendants on grounds of diversity of citizenship on June 8, 1959. On the same day defendants filed their original answer, thereby precluding a dismissal of the cause by plaintiff under Rule 41(a)(1) without order of court. On June 17, 1959, plaintiff moved for voluntary dismissal of the cause; defendants replied to plaintiff's motion on June 23, 1959. Less than a month elapsed between the original filing in state court, removal to federal court, and motion for voluntary dismissal by plaintiff.

Plaintiff alleges that he believed when filing action in state court that defendant Biehl & Company, Inc. was a Texas corporation, though it appears by the removal of the action that said corporation in fact is incorporated in Louisiana. He further alleges that the local corporation, which he contends was acting as general agent having care, custody, and control of the ship on which plaintiff was injured on the occasion in question, was in reality Biehl & Company, Galveston, and/or Biehl & Company, Houston, both being Texas corporations having offices in the City of Houston. These Texas corporations, plaintiff claims, are necessary and indispensable parties to the complete relief to which plaintiff asserts he is entitled. In order to prevent his claims against said Texas corporations from being barred by the Texas statute of limitations, plaintiff filed suit on June 16, 1959, in state court against said corporations and all defendants in the case at bar. Plaintiff would show that defendants do not plead counterclaims against him and maintains that defendants will not be prejudiced in any substantial right by a dismissal of this cause without prejudice. He claims that it would be desirable for all parties to litigate all issues between indispensable parties in one law suit, presumably in state court.

Defendants contend that plaintiff's sole purpose in seeking a voluntary dismissal of this cause and refiling said cause in state court, joining the Texas corporations, is to prevent the non-resident defendants from obtaining a trial of the case in federal court on grounds of diversity of citizenship. Said corporations, defendants maintain, are not necessary and indispensable parties, as they had no custody or control over the ship. Defendants contend that they would be prejudiced in a substantial right if plaintiff can now take a voluntary dismissal, join the Texas corporations for the sole purpose of destroying diversity of citizenship, and thus prevent further removal of the cause to federal court.

In the opinion of the court plaintiff's motion for voluntary dismissal without prejudice should be granted with costs to be taxed against plaintiff. Under Rule 41(a)(2) the court has discretion to order dismissal of an action without prejudice at plaintiff's instance and may impose such terms and conditions as it deems proper to make defendants reasonably whole. The court may consider whether such dismissal would be conducive to the fair administration of justice, whether undue expense, inconvenience, or prejudicial consequences to defendants would be involved, and whether reasonable terms and conditions can make defendants reasonably whole. Grivas v. Parmelee Transp. Co., 7 Cir., 1953, 207 F.2d 334, and 2 Barron & Holtzoff, Federal Procedure and Practice (1950), Sec. 912 at pg. 620.

That plaintiff may preclude subsequent removal to federal court by joining the local corporations in the state action, however, would not prejudice any substantial right of defendants. On an action that they have removed from state court defendants have no vested right to a trial in federal court, for such a removed action under Rule 81(c) is subject to the same rules of procedure as if it had originated in federal court. Thus the removed action is entitled only to the rights afforded by the Federal Rules.

The Federal Rules give some "security" to the removed action, so that in many circumstances the removal cannot be nullified by action of the adverse party. For example, Rule 19(b) permits the joinder of additional necessary parties only if their joinder will not deprive the court of jurisdiction of the parties before it. In Williams v. Missouri Pacific Railroad Company, D.C., 24 F.R.D. 14, this court recently denied a motion to join additional parties where the joinder would destroy diversity of citizenship and deprive the court of jurisdiction of the parties.

On motion for voluntary dismissal, however, no such guarantee of federal jurisdiction that might protect a removed action can be found in the language of the rules or the trend of their interpretation. Motions for voluntary dismissal have frequently been granted in cases removed by defendant to federal court, even where plaintiff's only motive is to recommence the action in state court. Mott v. Connecticut General Life Ins. Co., D.C.Iowa 1942, 2 F.R.D. 523, and Welter v. E. I. Du Pont De Nemours & Co., D.C.Minn.1941, 1 F.R.D. 551. Where plaintiff desires to join additional parties that might destroy diversity of citizenship, his only recourse may be voluntary dismissal so that the joinder may be effected in another jurisdiction.

At this point the right of removal of an action to federal court comes in conflict with another well-established procedural practice: the right of a plaintiff to have his action dismissed without prejudice under proper circumstances. Under ancient procedure a plaintiff could move for dismissal until the moment the court was about to direct a verdict against him or until the jury retired. The Federal Rules have sought to alleviate the hardships caused by that right by permitting its absolute exercise by plaintiff under Rule 41(a)(1) only where the adverse party has not filed an answer or motion for summary judgment and by permitting voluntary dismissal under Rule 41(a)(2) in other cases only upon order of court issued in the judicial discretion. Within these limitations of the rules the right of voluntary dismissal is still a vital policy of federal procedure and is one of the consequences to which all federal cases are subject, whether they be originally filed in federal court or removed thereto.

There do not appear to be any other grounds on which defendants could be prejudiced in their substantial rights, as this case has not proceeded beyond the initial joinder of issues and was less than a month old when plaintiff sought voluntary dismissal.

Plaintiff's motion will be granted. All other questions before the court, including defendants' motion to quash service and plea to jurisdiction and plaintiff's demand for jury trial, are rendered moot. The clerk will notify counsel to draft and submit appropriate order.