Icy MILLER, Harold Miller, a minor, by his next friend, Owen Miller, Gerald Miller, a minor, by his next friend, Owen Miller, Kimberly Ann Miller, a minor, by her next friend, Owen Miller, and Owen Miller, Plaintiffs,

v.

Donna Renee Derreberry STEWART and John Lowndes Pate, Defendants,

and

Bernie Hermann, d/b/a Riverview Chevrolet Company, Garnishee.

Civ. No. 67–114.

United States District Court
E. D. Illinois.

Dec. 8, 1967.

J. D. Quarant, Elizabethtown, Ill., for plaintiffs.

DeWitt Twente, Harrisburg, Ill., for defendants.

JUERGENS, Chief Judge.

## MEMORANDUM AND ORDER

This suit arises out of an automobile accident which occurred on August 11, 1967, in Hardin County, Illinois, when a Chevrolet truck allegedly owned by plaintiff Owen Miller, being driven by plaintiff Icy Miller and in which plaintiffs Harold Miller, Gerald Miller and Kimberly Ann Miller were riding, collided with a Plymouth automobile being driven by defendant Donna Renee Derreberry Stewart, allegedly an employee of defendant John Lowndes Pate (herein called defendants). A writ of attachment in aid of the suit was served on Bernie Hermann, d/b/a Riverview Chevrolet Company, as garnishee.

The case was instituted in the Circuit Court of Hardin County, Illinois, and subsequently removed to this court. Jurisdiction is founded on diversity of citizenship. Plaintiffs are citizens and residents of the State of Illinois. Defendants are citizens of the State of North Carolina.

The amount in controversy as to plaintiffs Icy Miller and Harold Miller each exceeds the sum of $10,000, exclusive of interest and costs. The amounts claimed by plaintiffs Gerald Miller, Kimberly Ann Miller and Owen Miller are less than the requisite jurisdictional amount.

The garnishee, Bernie Hermann, is not a party defendant in the true sense but is joined merely as garnishee.

The case was removed here on September 14, 1967. On September 27, 1967, plaintiffs Icy Miller and Harold Miller filed notice of dismissal pursuant to Rule 41(a) (1), Title 28 U.S.C.A. No answer or motion for summary judgment had been filed. Defendants moved to dismiss the cause and each count for failure to state a claim upon which relief can be granted and, in the alternative, for a motion to strike certain portions of the complaint. Plaintiffs Gerald Miller, Owen Miller and Kimberly Ann Miller moved to remand as to them.

Defendants moved to vacate notice of dismissal filed by plaintiffs Icy Miller and Harold Miller, bottomed on the proposition that dismissal under Rule 41(a) (1) does not authorize voluntary dismissal by filing notice of dismissal by less than all of the plaintiffs.

First to be considered is the effect of the notice of dismissal filed by plaintiffs Icy Miller and Harold Miller in conjunction with defendants' motion to vacate notice of dismissal.

Rule 41(a) (1) provides in pertinent parts as follows:

"(a) Voluntary Dismissal: Effect Thereof

*"(1) By Plaintiff; by Stipulation.* Subject to the provisions of Rule 23(c), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, * * *."

Rule 23(c) pertains to class actions and Rule 66 pertains to federal receiverships. These rules are, therefore, not pertinent to the matter at issue here. This is a diversity action and there is no federal statute involved.

■ Under common law a plaintiff could move for a dismissal up to the time that the court was about to direct a verdict against him or at any time before a verdict by a jury was rendered in court. This common law rule has been modified by statute.

■ The Federal Rules have sought to alleviate the hardships caused by that right by permitting its absolute exercise by plaintiff under Rule 41(a) (1) only where the adverse party has not filed an answer or motion for summary judgment and by permitting voluntary dismissal under Rule 41(a) (2) in other cases only upon order of court granted in the judicial discretion. Within these limitations of the rules the right of voluntary dismissal is still a vital policy of federal procedure and is one of the consequences to which all federal cases are subject, whether they be originally filed in federal court or removed thereto. Culverhouse v. Biehl & Company, 24 F.R.D. 198 (D.C.S.D.Tex., 1959).

■ Except where a plaintiff voluntarily dismisses an action before service of answer or motion for summary judgment by the defendant, or by filing stipulation of dismissal, granting or denying of voluntary dismissal, without prejudice, is a matter of judicial discretion. The purpose of the rule permitting plaintiff voluntarily to dismiss action without prejudice is to give the plaintiff a right to take the case out of the court when no one else would be prejudiced thereby. Klintworth v. Atlantic Coast Line Railroad Company, 39 F.R.D. 330 (D.C.D.S.C., 1966).

■ As noted above, defendants have not filed answer to the complaint, nor have they filed a motion for summary judgment. Where, as here, issue has not been joined prior to the notice of dismissal, the courts have held that the dismissal may not be vacated. Littman v. Bache & Co., 252 F.2d 479 (2nd Cir., 1958).

If all plaintiffs had filed notice of dismissal, the right of such dismissal would be, under the circumstances here, unquestionably correct.

The question thus presented is whether notice of dismissal by some, but less than all, of the plaintiffs is permissible under the Rule.

Professor Moore in 5 Moore's Federal Practice § 41.06–1, pp. 1087, 1088, states as follows:

"This brings us to Situation 1, where plaintiff seeks to dismiss as to a party who is not misjoined and whose presence does not destroy diversity. Although the *Harvey Aluminum* case indicates the contrary, and has sometimes been followed, the better view is that the court has power to permit the dismissal under Rule 41. And this should hold true whether it is fewer than all the defendants against whom a dismissal is sought to be taken, or fewer than all the plaintiffs seek to withdraw from the action.

"Moreover, where appropriate, such dismissal should be allowed under either Rule 41(a) (1) or 41(a)(2). And where notice of dismissal is filed under Rule 41(a) (1) with regard to one of several defendants, who has served neither an answer nor a motion

for summary judgment, dismissal should not be precluded by the fact that other defendants have served an answer or a motion for summary judgment, unless Rule 41(a)(1) is read restrictively to curtail plaintiff's right of voluntary dismissal.

"However, even if courts read Rule 41(a) restrictively, they may still permit termination of the action as to fewer than all the parties by relying on Rule 15(a) or the inherent powers of the federal court. * * *."

In Broadway & Ninety-Sixth St. Rlty. Corp. v. Loew's Inc., 23 F.R.D. 9 (D.C. S.D.N.Y., 1958), it is stated:

"There is a conflict in the cases as to the authority for dropping a party as distinguished from dismissing the entire action. The Third Circuit proceeded under Rule 41(a)(2) F.R.Civ. P. in Young v. Wilky Carrier Corporation, 150 F.2d 764. This Circuit in Harvey Aluminum, Inc. v. American Cyanamid Co., 2 Cir., 203 F.2d 105, 108, expressed the view that Rule 41 applied only to dismissal of the entire action and that the elimination of a single party should be accomplished under Rule 21. A later case in this Circuit, Kerr v. Compagnie De Ultramar, [2 Cir.,] 250 F.2d 860, 864, indicates that Rule 21 is applicable only where there has been a technical misjoinder and that a motion to drop a party is more properly an amendment of the pleadings under Rule 15(a), which would result in a dismissal of the complaint, or (in that case) that the motion might be based solely on the inherent powers of the court to perfect federal jurisdiction.

"(1) I refuse to believe that the court lacks power to dismiss a case as to less than all the defendants. If the power is inherent it must be exercised fairly. If it is granted by one of the above enumerated rules it is to be exercised 'when justice so requires'

Rule 15(a), 'on such terms as are just' Rule 21, or 'upon such terms and conditions as the court deems proper' Rule 41(a)(2). Since the considerations applicable in all four cases are thus substantially identical it is unnecessary to decide whether I am acting under Rule 15(a), Rule 21, Rule 41(a)(2) or under none of them."

In Fair v. Trans World Airlines, 22 F.R.D. 60, this court permitted dismissal as to fewer than all the defendants under Rule 41, and in determining whether or not the dismissal should be allowed found that it was directed under the circumstances to an exercise of the discretion of the court and stated:

"In the exercise of this discretion the court must again consider the relative positions of the parties and determine whether prejudice will develop therefrom."

Here there have been no depositions taken, nor has there been any extensive preparation for trial. There have been a number of motions filed as set forth above; however, these motions are not comparable to an answer or a motion for summary judgment.

While the Federal Rules give some security to removed actions so that in many circumstances the removal cannot be nullified by action of the adverse party, a motion for voluntary dismissal, however, gives no such guarantee of federal jurisdiction that might protect a removed action. Motions for voluntary dismissal have frequently been granted in cases removed by defendant to federal court, even where plaintiff's only motive is to recommence the action in state court. Culverhouse v. Biehl & Company, 24 F.R.D. 198 (D.C.S.D.Tex., 1959).

Each plaintiff in this suit has a separate and distinct cause of action from each of the other plaintiffs. There is no question but if plaintiffs had filed separate actions, the notice of dismissal

would have been effective under Rule 41 (a) (1) and dismissal would have been effected upon the filing of the notice. It is also true that if all plaintiffs had filed notice of dismissal, the notice under the facts here presented would not be subject to contest.

 Defendants argue that in the event the dismissal of the two-named plaintiffs is permitted, then the court will not have jurisdiction over the balance of the action. This is of no consequence, since the court may remand or retain the causes of action of Gerald Miller, Kimberly Ann Miller and Owen Miller, which are joined in the same suit with plaintiffs Icy Miller and Harold Miller, whether or not the suit of the latter two plaintiffs is or is not dismissed. The defendants have no right per se to retain the acquired federal jurisdiction over the plaintiffs whose causes have been removed to this court.

Defendants will suffer no prejudice, hardship or burden by dismissing plaintiffs Icy Miller and Harold Miller.

Under the circumstances here presented, the notice of dismissal of two but less than all plaintiffs is effective to dismiss the action as to these two plaintiffs and defendants' motion to vacate notice of dismissal will be denied.

The motion of plaintiffs Gerald Miller, Kimberly Ann Miller and Owen Miller to remand their respective causes to the state court will be granted; however, the original removal to this court was not improper.

It is, therefore, the order of this Court that the defendants' motion to vacate notice of dismissal filed by plaintiffs Icy Miller and Harold Miller will be and the same is hereby denied.

It is the further order of this Court that the motion of plaintiffs Gerald Miller, Kimberly Ann Miller and Owen Miller to remand be and the same is allowed and the cause is hereby remanded to the Circuit Court of Hardin County, Illinois, from whence it came.