PITTMAN, Judge.
 

 This appeal concerns the application of Rule 17(a), Ala. R. Civ. P., which provides, in pertinent part, that “[e]very action shall be prosecuted in the name of the real party in interest,” to a situation involving payment of a covered loss by an insurer when the pertinent insurance policy expressly provides for a transfer of the insured’s rights of recovery to the insurer upon such a payment.
 

 In December 2004, the owner of a 1999 model Toyota Camry automobile, Charlina Broadnax (“the owner”), filed a civil action in the Montgomery District Court against Lashundra Shamon Griswold (“the driver”); according to the owner’s complaint, the driver, while operating the automobile with the permission of the owner’s son, had negligently caused the automobile to be damaged. After the district court had entered a judgment in favor of the owner, the driver timely appealed to the Montgomery Circuit Court for a trial de novo. In the circuit court, the driver moved to dismiss the owner’s claim, averring that the owner was no longer the real party in interest as to her claim because, the driver averred, the owner’s automobile insurer had paid the owner for a total loss pursuant to the terms of its policy and, therefore, the owner’s rights of recovery had been transferred to the insurer. After the owner amended her complaint to name her automobile insurer, Mid-Century Insurance Company (“the insurer”), as a defendant, the insurer filed an objection and requested that it be realigned as an additional plaintiff; that request was granted. The insurer then filed a notice of voluntary dismissal as to its claims against the driver, who had not filed an answer or a summary-judgment motion at that time.
 
 [1]
 
 In that notice, the insurer averred that it had “determined that [the driver] was [its] insured” at the time of the incident made the basis of the owner’s claim against the driver, that the insurer intended to “retain counsel to enter an appearance for and defend” the driver, and that the insurer’s “involvement as a plaintiff [was] not required.”
 

 After the driver had propounded requests for admissions to the owner and had received responses to those requests, the driver filed a motion seeking a partial summary judgment. In her motion, which was supported by the response to the requests for admissions and an affidavit of a claims representative employed by the insurer, the driver averred that the insurer had paid the owner $9,193.01 to compensate the owner for the damage to her automobile. The driver contended that that payment had divested the owner of any right she might have had to recover damages from the driver, except for the owner’s $200 insurance-policy deductible,
 
 *658
 
 an amount that the driver consented to pay. After the owner had filed a response in opposition to the driver’s summary-judgment motion in which she had contended that the collateral-source rule barred the driver’s entitlement to a summary judgment, the driver filed a reply in which she asserted that the owner was not the proper party in interest based upon the following pertinent provision of the owner’s insurance policy:
 

 “If any person to or for whom we make payment under this policy has rights of recovery from another, those rights are transferred to us. That person must sign and deliver to us any legal papers relating to that recovery, do whatever else is necessary to help us exercise those rights and do nothing after loss to prejudice our rights.”
 

 After a hearing, the circuit court entered a judgment in which that court indicated its agreement with the driver’s position:
 

 “This dispute was appealed from district court. [The owner’s] vehicle was totaled while being driven by [the driver]. [The insurer] paid almost $10,000 for the loss of the vehicle. The [owner] directly received $9,193.01; she is still out her $200 deductible.... There is no personal injury claim.
 

 “[The owner] sued for $9,900. Since [the driver] was a permissive user of the vehicle, [the insurer] agreed to defend and indemnify her. Thus, should [the owner] prevail, [the insurer] would be faced with paying a $9,900 judgment for damage to the vehicle on top of the money it has already paid for the same damage. [The owner] would reap a windfall of approximately $10,000.
 

 “[The driver] filed a motion for [a] partial summary judgment and points to a provision in the policy which provides that if the insurer pays money to a person, any right of recovery that person has against another is transferred to the insurer. Thus,- since [the insurer] paid money to the [owner], [her] right of recovery against [the driver] transferred to [the insurer], [The owner] notes that [the insurer] declined the opportunity to join as a plaintiff. [The driver] argues that it would be crazy [for the insurer] to join the suit as a plaintiff, when [the insurer] has a duty to indemnify the [driver].
 

 “Finally, [the owner] argues that the collateral source rule prevents [the driver] from introducing evidence of [the insurer’s] payment to the [owner], and that [the owner] can recover against the tortfeasor.
 

 “The Court agrees with the [driver]. The collateral source rule is an eviden-tiary consideration and cannot be used to alter the terms of the policy at issue. By accepting a check from [the insurer], [the owner] transferred her right of recovery to the insurer. Not surprisingly, [the insurer] has no desire to, in effect, sue itself by prosecuting an action against [the driver], who it has agreed to indemnify.
 

 “The [driver] offered to consent to a judgment against her in the amount of the [owner’s] deductible, $200.00. Judgment for the [owner] in the amount of $200.00.”
 

 Following the denial of her postjudgment motion, the owner appealed to this court.
 

 Although the owner contends to the contrary, our review of the parties’ contentions in the circuit court and the text of that court’s judgment leads us to the conclusion that the dispositive issue is whether the insurance-policy provision relied upon by the driver was properly applied to the undisputed facts. Our review is
 
 de novo. See Hollis v. Forrester,
 
 914 So.2d 852, 854 (Ala.Civ.App.2004) (“Be
 
 *659
 
 cause this case presents no factual disputes and the only issues on appeal deal with the application of the law to undisputed facts ..our review is
 
 de novo.”), aff'd,
 
 914 So.2d 855 (Ala.2005).
 

 The owner first contends that the driver lacks standing to assert the applicability of the insurance-policy provision based upon the decision of the Court of Appeals in
 
 Allen v. Zickos,
 
 37 Ala.App. 361, 68 So.2d 841 (1953). In
 
 Allen,
 
 a plaintiff motorist sued for an award of damages to compensate him for damage to his automobile allegedly caused by the defendant’s negligence. In response, the defendant asserted several defensive pleas, including aver-ments that the plaintiff had
 
 “assigned his cause of action
 
 to [an] insurance company,” had “
 
 ‘pledged
 
 to said company
 
 all of his claim
 
 in this case against the defendant,’ ” had “
 
 ‘pledged any recovery
 
 thereon,”’ and had
 
 “‘pledged
 
 to said company
 
 his tight of recovery
 
 of the cause of action ... which he [was] nominally prosecuting’ the defendant further alleged that the insurance company had been “
 
 ‘subro-gated to
 
 ’ ” the plaintiffs position. 37 Ala.App. at 366, 68 So.2d at 845 (emphasis added).
 

 In affirming a judgment in favor of the plaintiff over the argument that the trial court had erred in disallowing those alleged defenses to the plaintiffs claim, the Court of Appeals expressly rejected the defendant’s contention that the plaintiff was not the real party in interest because “he carried insurance on his automobile, collected the insurance, and assigned his claim to the insurance carrier.” 37 Ala.App. at 365, 68 So.2d at 844. Notably, the Court of Appeals stated that the defendant’s pleas had included an alternative statement to the effect that the plaintiffs insurer, rather than having been
 
 assigned
 
 the plaintiffs claim, would merely be
 
 entitled to the proceeds
 
 of a favorable judgment. At the time
 
 Allen
 
 was decided, the form of the defendant’s allegations in its pleas was material because of the then-prevailing doctrine that alternative statements in a defensive pleading were generally to be tested by the weakest alternative in determining their sufficiency as defenses.
 
 Compare,
 
 e.g.,
 
 Jordan v. Alabama City, Gadsden & Attalla Ry. Co.,
 
 179 Ala. 291, 295, 60 So. 309, 310 (1912) (plea is no stronger than its weakest alternative),
 
 with
 
 Rule 8(a)(2), Ala. R. Civ. P. (abrogating that principle). The Court of Appeals further stated:
 

 “It is well established in an action for the recovery of damages that
 
 the mere fact that the insured has been reimbursed by the insurer
 
 does not affect his right to maintain an action against the alleged wrongdoer who caused the damages, and whether the insurance company is entitled to the proceeds of any recovery is a matter which does not concern the defendant.”
 

 37 Ala.App. at 365, 68 So.2d at 844 (emphasis added).
 

 Had the defendant in
 
 Allen
 
 pleaded that the plaintiffs insurance company had been
 
 assigned
 
 the plaintiffs claim, and had not weakened his pleading by including alternative allegations regarding the actual relationship between the plaintiff and his insurer, a different result would likely have been reached. Generally, payment of a loss by an insurer gives that insurer
 
 subrogation
 
 rights to reimbursement — either as a matter of law upon full payment of that loss or as a matter of contract when an insurance policy modifies the full-payment prerequisite — but does not divest the insured of the legal right to pursue an action against a party responsible for that loss.
 
 See International Underwriters/Brokers, Inc. v. Liao,
 
 548 So.2d 163, 165-66 (Ala.1989);
 
 Ex parte Cassidy,
 
 772 So.2d 445, 446 (Ala.2000). However, as
 
 *660
 
 the Missouri Supreme Court has recognized, an
 
 assignment
 
 to one’s insurer of one’s rights of recovery renders the insurer the real party in interest:
 

 “Assignment of a claim differs from subrogation to a claim. In assignment, the assignor gives all rights to the as-signee. By an assignment, the insurer receives legal title to the claim, and the exclusive right to pursue the tortfeasor.
 

 “In subrogation, the insured retains legal title to the claim. By paying the insured, the insurer has a right to subro-gation. The exclusive right to pursue the tortfeasor remains with the insured, which holds the proceeds for the insurer.”
 

 Keisker v. Farmer,
 
 90 S.W.3d 71, 75 (Mo.2002) (citations omitted).
 

 In this case, the insurer made a payment to fully compensate the owner for her damaged automobile pursuant to the terms of its policy (less the applicable $200 deductible). That policy expressly provides that when the insurer makes a payment to or on behalf of a person with respect to a covered loss and that person also has rights of recovery from another with respect to that same loss, “those rights are
 
 transferred to
 
 ” the insurer (emphasis added). Thus, the insurer’s payment in this case was, under the pertinent insurance policy, more than a “mere” reimbursement; that payment divested the owner of any right she might have had to recover damages from the driver and made the insurer the “real party in interest” under Rule 17(a), Ala. R. Civ. P.
 
 [2]
 

 See United States Fid. & Guar. Co. v. J.I. Case Co.,
 
 209 Ga.App. 61, 62-63, 432 S.E.2d 654, 656 (1993) (when insurance policy insuring fire loss to insured’s tractor provided that insured’s rights to recover damages were transferred to insurer to the extent of insurer’s payment, insurer was the sole possible plaintiff in a tort action against manufacturer of tractor);
 
 C.D. Herme, Inc. v. R.C. Tway Co.,
 
 294 S.W.2d 534, 538 (Ky.1956) (plaintiffs receipt of full reimbursement from insurer and assignment of entire tort claim to insurer defeated plaintiffs entitlement to sue oh that claim); and
 
 Steele v. Goosen,
 
 329 S.W.2d 703, 711 (Mo.1959) (assignment by owner of damaged automobile of “ ‘all claims, rights and demands against any person ... arising from or connected with such loss or damage’ ” constituted assignment of entire property-damage claim to insurer notwithstanding $50 policy deductible).
 

 The owner further asserts that, to the extent that the driver contended that the insurer was the real party in interest, the driver should have taken steps to join the insurer as a party. Based upon the facts of this particular case, we disagree with the necessity of such an action. It will be remembered that the insurer
 
 was
 
 joined as a plaintiff in this case after having been realigned as a party, but the insurer elected to voluntarily dismiss its claim against the driver because she was an additional insured. Because the sole real parties in interest (the insurer and the driver) have, in effect, “settled their differences,” the circuit court would not have had discretion to permit the owner to maintain a claim in
 
 *661
 
 which she had no real interest.
 
 Ex parte ReLife, Inc.,
 
 679 So.2d 664, 667 (Ala.1996).
 

 We likewise reject the owner’s contention that the insurer has waived
 
 [3]
 
 its contractual right to the transferred claim. Under AJabama law, “[tjhere can be no waiver without the intentional relinquishment of a known right.”
 
 State Farm Mut. Auto. Ins. Co. v. Hubbard,
 
 272 Ala. 181, 187, 129 So.2d 669, 675 (1961). In this case, the owner’s assertion of waiver is based solely upon the insurer’s decision not to pursue a legal action against the driver after having been requested by the owner to do so. However, the circuit court’s judgment indicates that the insurer’s decision not to pursue legal action against the driver was based upon its belief that it would, in effect, be suing itself because the driver, like the owner, was entitled to indemnity under the pertinent insurance policy. Regardless of the validity of that rationale, the insurer’s decision not to pursue a civil
 
 action
 
 against the driver does not, in and of itself, give rise to any inference that the insurer intends to divest itself of, and “reassign” to the owner, the
 
 cause of action
 
 that the insurer has been contractually assigned.
 

 Based upon the foregoing facts and authorities, we affirm the judgment of the circuit court determining that the insurer was the sole real party in interest and that the owner was not legally entitled to maintain the action against the driver. Our conclusion obviates the necessity of considering whether, had the owner retained an interest in a right of recovery she might otherwise have had against the driver, the collateral-source rule would have enabled her to maintain her action against the driver notwithstanding the owner’s having received compensation for her loss from the insurer.
 

 AFFIRMED.
 

 THOMPSON, P.J., and BRYAN and THOMAS, JJ., concur.
 

 MOORE, J., concurs in the result, without writing.
 

 [1]
 

 . There is authority for the proposition that Rule 41(a)(1), Ala. R. Civ. P., applies when one of multiple plaintiffs files a notice of voluntary dismissal.
 
 See Miller v. Stewart,
 
 43 F.R.D. 409 (E.D.Ill.1967) (applying analogous Rule 41(a)(1), Fed.R.Civ.P.).
 

 [2]
 

 . To the extent that the owner's argument on appeal that the provisions of Rule 17(a), Ala. R. Civ. P.,
 
 can be
 
 waived may be construed as asserting that the driver
 
 did
 
 waive those provisions, we reject that assertion; the driver placed the real-parly-in-interest issue before the circuit court in both her motion to dismiss and her summary-judgment motion.
 
 See generally
 
 6A Charles A. Wright et al.,
 
 Federal Practice & Procedure
 
 § 1554 (2d ed.1990) (indicating that a real-party-in-interest issue can be raised by motion so long as it is “done with reasonable promptness”).
 

 [3]
 

 . Although the owner also argues that the insurer's conduct estops it from asserting that it is the real party in interest, the owner did not raise estoppel in the circuit court, and we will not address that argument here.
 
 See Smith v. Equifax Servs., Inc.,
 
 537 So.2d 463, 465 (Ala.1988).